H. V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Appellant, *v.* ERIE & WYOMING FARMERS CO-OPERATIVE CORPORATION, Respondent.

SAME, Appellant, *v.* ARTHUR E. LANDEL, Doing Business as WILLIAMSVILLE DAIRY, Respondent.

SAME, Appellant, *v.* STERLING AMHERST FARMS DAIRY, INC., Respondent.

SAME, Appellant, *v.* TREVETT CO-OPERATIVE ASSOCIATION. INC., RESPONDENT.

Argued May 25, 1939; decided July 11, 1939.

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* of counsel), *Milo R. Kniffen, Robert G. Blabey* and *David O. Chambers* for appellant.

190

*Wortley B. Paul* for Erie & Wyoming Farmers Co-operative Corporation, respondent.

*Henry S. Manley* for Arthur E. Landel et al., respondents.

*Robert I. Millonzi* for Trevett Co-operative Association, Inc., respondent.

RIPPEY, J. Four actions were brought by the Commissioner of Agriculture and Markets of the State of New York to enforce his Official Order No. 127, announced and promulgated by the Commissioner on September 19, 1938, which had for its purpose the regulation of the handling, the fixing of prices and the distribution of the proceeds of the sale of milk produced and sold in the Niagara Frontier Marketing Area as defined in the order and to enjoin the defendants from in any manner violating the provisions thereof. No answer was interposed in either case. At Special Term plaintiff moved in each case for a temporary injunction and the motions were denied. By stipulation of the parties, the record upon the proceedings for a temporary injunction is not before us. In each case defendant's cross motion to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action and was insufficient in law was granted on the grounds that sections 258-k and 258-m of article 21 of the Agriculture and Markets Law (Cons. Laws, ch. 69), added by amendment to the article relating to milk control by chapter 383 of the Laws of 1937, in effect May 19, 1937, which purported to give the Commissioner authority to make the order, constituted invalid delegation of legislative power in violation of article III, section 1, of the Constitution of the State of New York and that the act and the order issued thereon deprived the defendants of their property without due process of law in violation of article I, section 6, of the State Constitution. Appeals by plaintiff were taken direct

to this court (N. Y. Const. art. VI, § 7, subd. 3; Civ. Prac. Act, § 588, subd. 3).

In section 258-k of the act the dairy industry is declared to be " a paramount agricultural industry of this state and the normal processes of producing and marketing milk have become an enterprise of vast economic importance to the state and of vital interest to the consuming public which ought to be safeguarded and protected in the public interest." Consequently the Legislature has declared " that it is the policy of this state to promote, foster and encourage the intelligent and orderly marketing of milk through producer owned and controlled co-operative associations." Finding " that unfair, unjust and destructive demoralizing trade practices have been and are likely to be carried on in the production, sale, processing and distribution of milk and that it is a matter of public interest and for the public welfare for the state to promote the orderly exchange of commodities and in cooperation with the federal government, in its regulation of interstate commerce, to take such steps as are necessary and advisable to protect the dairy industry and insure an adequate supply of milk for the inhabitants of this state," it thereupon provided for the creation and operation of producers' and distributors' bargaining agencies for the various defined production areas of the State (§ 258-l) and for co-operative price-fixing and marketing agreements for milk within such areas (§ 258-m). The purpose of the legislation was, as defined, to stabilize a steady supply of clean and wholesome fluid milk according to definite classifications as to quality during lean as well as flush periods. Details of the legislative plan to carry through its purpose is no necessary part of the declaration of policy. To further effectuate the purpose, it is enacted that provision may be made " for an equalization of prices to all producers of the production area of the market affected so that each producer or co-operative association shall receive the same base price for all milk delivered subject to reasonable differentials for quality and location and for services." The standards upon which such equali-

zation of prices is to be fixed are definitely laid down in the act and pools are authorized and provided for according to specified standards to make effective to each producer in the area equality of prices with all others on the indicated basis (§ 258-m, subd. 6).

That the legislation is within the scope of the police power of the State, that the means and standards provided to carry out the legislative purpose are within the scope of the power and properly delegable to an administrative agency and that the plan for equalization of prices is not confiscatory is settled beyond further controversy (*People* v. *Perretta*, 253 N. Y. 305; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416; *People* v. *Nebbia*, 262 N. Y. 259; same case *sub nom. Nebbia* v. *New York*, 291 U. S. 502; *Townsend* v. *Yoemans*, 301 U. S. 441, 450; *United States* v. *Rock Royal Co-operative, Inc.; Noyes* v. *Same; Dairymen's League Co-operative Association, Inc.*, v. *Same; Metropolitan Co-operative Milk Producers Bargaining Agency, Inc.*, v. *Same*, 307 U. S. 533, decided June 5, 1939). There is no invalid delegation of legislative power merely because the act on its face authorizes the Commissioner to fix and equalize prices, since the Legislature has provided the manner in which the Commissioner must act and the matters which he must consider as the basis for his order and that he must make findings as a preliminary to the issuance thereof (*People* v. *Beakes Dairy Co., supra; Highland Farms Dairy, Inc.*, v. *Agnew*, 300 U. S. 608). Hearings upon notice must be had preliminary to the making of findings (§ 258-m) and his order is subject to judicial review (Civ. Prac. Act, art 78; *Matter of Elite Dairy Products, Inc.*, v. *Ten Eyck*, 271 N. Y. 488).

No immediate legislative investigation was necessary preliminary to the enactment. A wealth of investigation preceded it over a period of years showing its need. The distribution of milk had been regulated under certain forms of control long before 1933 (see above cases, the Agricultural Law of 1909 [L. 1909, ch. 9] and McKinney's historical references to article 21 of the Agriculture and Markets Law).

But a known state of facts warranting legislative action is presumed and where the regulation is made by an administrative agency to whom the Legislature has legally delegated the power to act, a similar " presumption of the existence of facts justifying its specific exercise " obtains (*Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176, 186). No facts have been presented here in any attempt to overcome those presumptions. No point is raised as to invalidity for conflict with Federal power.

The requirement of " due process " is satisfied. " The guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." (*Nebbia* v. *New York*, 291 U. S. 502, 525.) Neither the act nor the order promulgated under it is arbitrary, capricious or unreasonable under the facts set up in the complaints. The means adopted by the Legislature relate directly and appropriately to the object sought to be obtained. It would necessarily depend upon the facts and circumstances in each particular case at bar after the issues were duly presented and the facts then at issue developed whether the enforcement of the order would work a discrimination as to them (*Ætna Ins. Co.* v. *Hyde*, 275 U. S. 440; *Townsend* v. *Yeomans, supra*). Defendants have failed to set up in any moving papers in these actions any facts or details or specifications of the respects in which the statute is claimed to be discriminatory or by virtue of which the rights of the defendants were adversely infringed.

Where the power of the Legislature to enact a statute is conceded or established beyond successful attack, further consideration of the constitutionality of the act will not be indulged on the application of any litigant unless he shows by proper pleading that he comes within the scope of the act and that special features thereof or of the order or regulation issued thereunder would cause him injury (*Pacific States Box & Basket Co.* v. *White, supra*). Whether

the Commissioner complied with the requirements of the provisions of the statute antecedent to the issuance of the order cannot be questioned, since, upon the record here presented, the allegations of fact contained in the complaint in each case are well pleaded and must be taken as true and plaintiff has alleged full compliance with all of the applicable provisions of the act.

Two of the defendants have moved to dismiss the appeals in their cases on various grounds which need not here be enumerated. None of the grounds urged presents a case for the granting of the motion.

In each action the judgment appealed from should be reversed and the motion to dismiss the complaint denied, with costs in all courts. The motion to dismiss the appeals should be denied, with ten dollars costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.