Van Voorhis, J. (dissenting).
The use district exception created in this instance by the Board of Standards and Appeals is not based on practical difficulty or unnecessary hardship, nor on any tangible standard for the exercise of the board’s judgment. Subdivision (e) of section 7 of the Zoning Resolution, under which the board acted in this instance, purports to convey to the board the power to ‘ ‘ Permit, for a stated term of years, building and uses not in conformity with the requirements of the article and not otherwise specificially provided for in this section.”
If power under subdivision (e) of section 7 is validly granted to the Board of Standards and Appeals, any zoning ordinance or enabling act containing this provision does less than provide for the rule of law. A zoning ordinance or enabling act might as well state simply that uses shall be as directed by the board in the individual case. A comprehensive zoning plan, which has been held to be necessary to valid zoning, is undermined. It becomes unnecessary for an applicant for an exception to show that his property can be devoted to no profitable use consistent with the Zoning Resolution. Restraints on spot zoning are removed. Court review of zoning board decisions is all but *940 eliminated, inasmuch as action by the Board of Standards and Appeals cannot be held to be arbitrary or capricious if subdivision (e) of section 7 frees the board from almost every standard with which it could be compelled to comply, and constitutes, in effect, a charter to it to act as it sees fit.
This is not a case where use districts are designated in zoning ordinances permitting gasoline filling stations only at such locations therein as are approved by a board. The special relationship which gasoline stations bear to the public safety may justify a limited discretion in the board. No question of public safety is involved here, however. It is merely coincidental that this happens to be a gasoline station. The board is not being limited to act with respect to a gasoline filling station in accordance with what will conduce to the public safety in a particular location. An alleged general power is invoked to make exceptions to uses of any kind that are prescribed by the Zoning Resolution. This ad hoc regulation is not confined to public safety factors connected with the storage or merchandising of inflammable fluids, but applies to any business, industry or use if the board approves it anywhere as in the public interest. Nor can its rectitude on this basis ever be drawn in question in a court of law.
Appellant challenges the validity of subdivision (e) of section 7 on the ground that the authority which it purports to confer upon the Board of Standards and Appeals amounts to an unconstitutional delegation of legislative power. This contention cannot be denied, in my opinion, without overturning the traditional view that legislative power is vested in the Senate and Assembly (N. Y. Const., art. Ill, § .1) and cannot be delegated except to be exercised in accordance with controlling standards of decision (Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184; Noyes v. Erie & Wyoming Farmers Co-op. Corp., 281 N. Y. 187; Matter of Levine v. O’Connell, 275 App. Div. 217, affd. 300 N. Y. 658; Matter of Fink v. Cole, 302 N. Y. 216; Panama Refining Co. v. Ryan, 293 U. S. 388). Although a precise or specific formula is not required to be furnished “in a field where flexibility and the adaptation of the [legislative] policies to infinitely variable conditions constitute the essence of the program ” (Lichter v. United States, 334 U. S. 742, 785), the validity of such delegations of legislative power depends upon specifications of standards or guides in as *941 detailed a fashion as is reasonably practicable in the light of the complexities of the field to be regulated (Matter of City of Utica v. Water Control Bd., 5 N Y 2d 164,169). In the case of zoning, more is required in the nature of standards or guides than that the Board of Standards and Appeals shall do what it deems best for the municipality.
The order appealed from should be reversed and the determination of the Board of Standards and Appeals annulled in granting this variance pursuant to subdivision (e) of section 7 of the Zoning Resolution.
Order affirmed.