Louis G. Bruhn, J.
This is a proceeding in the nature of an article 78 OPLR in which the petitioners request “ the Court to hold a hearing to determine whether respondents have abused their discretion and have acted arbitrarily and capriciously in a manner violative of petitioners’ rights and thereafter to enter a final order setting aside and declaring a nullity-the failing results of the examinations given in April 1964 and directing respondents to change the examinations prepared for December 14,1964, making the same more appropriate to the practice of Chiropractic as the same is described in Article 132 of the Education Law
The respondents in turn move for an order pursuant to CPLR 7804 (subd. [f]), dismissing the petition herein on the ground that it is insufficient in law in that it does not state facts sufficient to entitle the petitioners to the relief demanded or to any other relief on the merits.
There is no doubt that in resolving a motion attacking the sufficiency of a pleading all of the allegations thereof and all inferences reasonably to be derived therefrom must be deemed to be true.
However, the caveat set forth in Matter of Hines v. State Bd. of Parole (293 N. Y. 254) is a qualification or limitation of such rule which carries equal fortitude. In that case, at page 258, the Court of Appeals stated: “ The allegations of fact are deemed to be true insofar as relevant or material upon any questions upon which a court may pass (Noyes v. Erie & Wyoming Farmers Co-Op. Corp., 281 N. Y. 187, 196; Nasaba Corp. v. Harfred Realty Corp., 287 N. Y. 290, 294; Zwirn r. Galento, 288 N. Y. 428, 430) but not conclusions of law.” (Italics supplied.)
*88 In opposition to the motion the petitioners cite the case of Foley v. D’Agostino (21A D 2d 60), which, incidentally, involved a motion pursuant to CPLR 3211 (subd. [a], par. 7) and, curiously, at page 63, had this to say: “ But it is clear that, under the Civil Practice Law and Rules, the statements in pleadings are still required to be factual, that is, the essential tacts required to give ‘ notice ’ must be stated. (See Wachtel, New York Practice, p. 102.) Neverthless, a party may supplement or round out his pleading by conclusory allegations or by 1 stating legal theories explicitly ’ if the facts upon which the pleader relies are also stated.” (Italics supplied.)
Apparently consistently with such rule, the attorney for the petitioners has added his affidavit to the petition and after a lengthy discourse on chiropractic practice and an involved analysis of certain questions which appeared on the April, 1964 examination, he concludes: “ The sources of deponent’s knowledge, which are the basis for the statements made herein, upon information and belief, are not only petitioners, but are certain leading practitioners of chiropractic, several educators now teaching in chiropractic schools, several former educators in the chiropractic field, certain affidavits by other leading Chiropractors which were filed in the proceeding entitled ‘ Wasmuth, et al. v. Allen ’, commenced in the Supreme Court, Westchester County, and one prominent professor of a New York State Medical 'College.”
Who they are specifically or what phase of the material contained in his affidavit they were responsible for is left to pure speculation.
Since legal conclusions must be predicated thereon this court feels that such a deficiency transcends form and enters the realm of substance.
Assuming, arguendo, that such a conclusion is without a valid foundation and the deficiency is merely one of form we still must dispose of the more fundamental problem of the substance of the petition as a pleading.
The petitioners herein claim their petition is sufficient by virtue of the allegations embraced within paragraphs 20-27 thereof.
They claim, more specifically, that such allegations divide their grievances into four main categories directed to the basic subject examinations given to those with less than seven years of chiropractic practice.
First, they claim, in paragraph “ 20 ”: “Upon information and belief the respondents in giving the examinations in the aforesaid ‘ basic subjects ’ to the petitioners chose questions *89 prepared by the Board of Medical Examiners which questions were prepared to test the qualifications of Doctors of Medicine and in no way were applicable to the practice of Chiropractic as the same is defined in Section 6550 of Article 132.”
Second, they claim, in paragraph “ 21 ”: “ Moreover, the aforesaid examinations in the ‘ basic subjects ’ as prepared by the Board of Medical Examiners and as given by the respondents as aforesaid, examined and otherwise required knowledge and competence of the Chiropractic practitioner in certain fields of medicine which by Article 132, Section 6558, he would be prohibited from practicing, even if duly licensed.”
Third, they claim, in paragraph “ 22 ”: 11 The examinations in the ‘ basic subjects ’ as previously given by the respondents required that petitioner be as conversant with the said ‘ basic subjects ’ as would be a medical practitioner, instead of in fact demonstrating that ho had ‘ some knowledge ’ of the said subjects.”
Fourth, they claim, in paragraph “23”: “ Respondents in giving examinations as aforesaid in the ‘ basic subjects ’ of hygiene and bacteriology were not complying with Article 132 of the Education Law since Section 6507 of the said law does not now (nor did it at the time of the effective date of Article 132) provide for such examinations.”
Subdivision 2 of section 6552 of article 132 of the Education Law provides, in part: “ In the examinations in the basic subjects the department shall use the questions prepared for the same subjects in the examination pursuant to sections sixty-five hundred seven and sixty-five hundred eight of this title.” (Italics supplied.)
Section 6507 provides, in part: “ The board shall submit to the department, as requested, lists of suitable questions for thorough examination in anatomy, physiology, preventive medicine and public health, chemistry, surgery, obstetrics, gynecology, pathology, micro-biology, and medicine and diagnosis.” (Italics supplied.)
Section 6508 provides, in part: “ The regents may adopt a rule supplementing the written examination by oral, laboratory, and clinical examinations in the subject of diagnosis.”
In view of such provisions the fourth claim of the petitioners would seem to have no merit whatever, since section 6552 does not limit the interrogations to only those subjects provided for in section 6507 but mandates only the use of section 6507 questions on the examinations involving the subjects of anatomy, physiology, chemistry, pathology and diagnosis without precluding examinations on the additional basic subjects enumerated *90 in subdivision 1 of section 6552 such as hygiene and bacteriology.
By the same token the first claim of the petitioners likewise is without merit since only the question of whether the respondents had violated the provisions of section 6507 by not using questions prepared by the board for those applicable subjects would be reviewable.
Whether the questions prepared by the Board of Medical Examiners were applicable to the practice of chiropractic as defined by section 6550 of article 132 is of no concern so long as the questions did not violate the provisions of article 131.
The petitioners ’ second claim is equally baseless in suggesting that ¡because section 6558 precludes chiropractors from practicing in certain fields of medicine they could not be tested in such areas.
Section 6558 does not preclude anyone other than a licensed physician, osteopath or physiotherapist from acquiring knowledge in such fields but merely makes it clear that the granting of a “ license to practice chiropractic shall not permit the holder thereof ’ ’ to practice in the prohibited fields.
The petitioners’ third claim was apparently generated by language used by Justice Doxohoe in the case of Wasmuth v. Allen (43 Misc 2d 14, 17): “ The Legislature was warranted in not taking chances, and in requiring chiropractors to prove their knowledge of the use and effects of X rays, and to require that they show some knowledge of anatomy, physiology, chemistry, hygiene, bacteriology, pathology and diagnosis as specified in article 132.” (Italics supplied.)
The folly of such isolation of language becomes immediately obvious when we note that the Court of Appeals in the same case (14 H Y 2d 391) did not adopt Justice Dohohoe’s quoted language but instead, at page 399, had this to say:
u While it is true that the statute draws a distinction between the practice of medicine, osteopathy or physiotherapy, as defined by the applicable statute, and the practice of chiropractic and, in so doing, defines and limits the rights of licensed chiropractors in fields of practice deemed as ¡belonging to the practice of medicine, osteopathy or physiotherapy (§ 6558), the practice of chiropractic is nonetheless one that deals with human health which has always been regarded and treated as a matter of public concern. ‘ It is too well settled to require discussion at this day that the police power of the States extends to the regulation of certain trades and callings, particularly those which closely concern public health.’ (Watson v, Maryland, 218 U, S, 173, 176.)
*91 11 "Chiropractic, having to do with the health and well-being of the people, requires a high degree of general knowledge and technical skill and is a field where the power of the State may well be asserted to make sure that only properly qualified persons shall undertake its responsible and difficult duties. As the Justice below pointed out, the challenged statute has conferred on chiropractors privileges which we have held they could not claim as a matter of constitutional right.” (Italics supplied.)
If we concede, as we must, that those statements were made in a case 1 ‘ dealing with the sufficiency of the complaint to state unconstitutionality of a duly enacted statute for the licensing of the practice of chiropractic ”, can we logically argue that the language of the same court would be any different in a case dealing with the sufficiency of a complaint which seeks to allege a so-called error in administration?
Certainly the choice of such strong language indicates that applicants for licenses must demonstrate not “ some knowledge ’ ’ but instead ‘ ‘ a high degree of general knowledge and technical skill.”
In view of the foregoing this court is of the opinion that this petition fails to contain any allegations indicative of mandamus or any other type of relief available under an article 78 CPLR proceeding or particularly any allegations which establish that the respondents have acted arbitrarily or capriciously. (Matter of Casey v. Conway, 283 App. Div. 1135.)
Therefore, the motion of the respondents is granted, without costs.