In the Matter of PAUL ALBERT et al., Appellants, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, July 13, 1965.

*Blinder & Steinhaus (Joel S. Stern* and *Albert A. Blinder* of counsel), for appellants.

*Charles A. Brind (John P. Jehu, Elizabeth M. Eastman, Louis H. J. Welch* of counsel), for respondents.

HERLIHY, J. P.  The court determined that the petition failed to contain " any allegations indicative of mandamus or any other type of relief available under an article 78 CPLR proceeding or particularly any allegations which establish that the respondents have acted arbitrarily or capriciously. (*Matter of Casey* v. *Conway,* 283 App. Div. 1135.) " (45 Misc 2d 87, 91.) The cited case held: " There were no allegations of fact in the petition which, if true, would establish that the commission acted arbitrarily or capriciously ".

The petition herein differs from that in the companion case in that Albert had been a practicing chiropractor for at least 2 but not more than 7 years and pursuant to section 6556 of the Education Law " had to pass an examination in the basic subjects of anatomy; physiology, chemistry, hygiene, bacteriology, pathology and diagnosis  *  *  *  as well as in the use and effects of X-ray and a practical examination in Chiropractic."

The petitioner O'Reilly had been a practicing chiropractor for less than two years and pursuant to subdivision 4 of section 6556 of the Education Law, in addition to the examinations set forth above, he had to pass an examination in clinical chiropractic analysis.

This is the first examination in chiropractic, pursuant to article 132 of the Education Law, and several problems are present.

The petition alleges that the questions prepared by the Board of Medical Examiners were not improper but that the *questions selected* for the examination were those which *required a high degree of knowledge* primarily directed to the medical profession while the statute provided that the *selected questions* shall be those which *would best test whether the applicant* for chiropractic *had some knowledge of the basic subject.* There were further allegations that there are several schools of thought in the chiropractic profession as to technique; that the respondents did not advise the applicants which of the chiropractic techniques were applicable to the multiple choice questions and that as a result the questions were ambiguous and impossible to answer correctly.

The affidavit in the papers on appeal of Howard J. Mosher, Secretary of the State Board of Chiropractic Examiners, states: "After the giving of the examination and prior to the scoring thereof, the Board of Chiropractic Examiners, in a meeting to which deponent was present, completely reviewed the examination in the practice of chiropractic for the purpose of making absolutely sure that due allowance was given for any answer which could possibly be considered correct and in a number of instances, more than one response to questions in such examination was allowed as a correct response, where the Board concluded that there was some ground for such action. This determination was made with respect to certain of the items referred to in the moving affidavits."

While there are no present decisions challenging a professional examination, the Court of Appeals in *Matter of Acosta* v. *Lang* (13 N Y 2d 1079, 1081) stated that administrative action could be reviewed in a proper case and "Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision".

By the application of this language to the present facts, we determine that the petition is sufficient to require the respondents to answer.

Judgment and order dismissing petition should be reversed on the law and the facts, and respondents directed to answer.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Judgment and order dismissing petition reversed, on the law and the facts, and motion denied, with $20 costs, with leave to respondents to serve an answer within 20 days after service of the order to be entered herein.