Charles B. Brasser, J.
This is an action for a declaratory judgment adjudging that sections 701, 713, 715 and 716 of the New York Labor Law (Labor Relations Act) are unconstitutional and void with respect to plaintiff. The motion before the court is one on behalf of the members of the State Labor Relations Board for summary judgment dismissing the complaint or, in the alternative, declaring Labor Law sections involved to be constitutional and valid.
Plaintiff, a nonprofit hospital operating in Monroe County, sets forth three causes of action, the first of which contests the jurisdiction of the State Labor Relations Board over the plaintiff and the subject matter on the grounds that sections 701, 713, 715 and 716 of the Labor Relations Act contravene the Constitutions of the State of New York and the United States and are, therefore, unconstitutional in that they establish an unlawful delegation of authority by the Legislature without sufficient standards for guidance of the arbitrators; the second of which claims said sections to be unconstitutional in that they abrogate the right of guaranteed collective bargaining as required by section 17 of article I of the New York State Constitution ; and the third of which claims that plaintiff is denied the equal protection of the law as guaranteed by section 11 of article I of the New York State Constitution and the Fourteenth Amendment of the Constitution of the United States, since charitable hospitals are the only class of employers subject to said sections.
The remedy of declaratory judgment is applicable in cases where a constitutional question is involved, or the legality or meaning of a statute is in question, and no question of fact is involved. In such cases, pure questions of law are presented. (Dun & Bradstreet v. City of New York, 276 N. Y. 198.)
*828 The pleadings and affidavits submitted disclose that plaintiff is engaged in the business of operating a nonprofit hospital in the County of Monroe; that on or about June 23,1965, the United Hospital Workers Union, Local 199, Retail, Wholesale and Department Store Unit, AFL-CIO, filed with the State Labor Relations Board a petition pursuant to section 705 of the Labor Law asking to be certified as a representative for the purpose of collect'-^ bargaining for a unit at plaintiff’s hospital consisting of all maintenance, housekeeping, laundry and dietary employees, nurses aides and orderlies; that a preliminary informal conference was held by the board on July 13, 1965, at which time representatives of the plaintiff and the petitioning union were present. The present action was commenced July 22,1965.
It further appears that prior to 1963, nonprofit hospitals were not subject to the New York State Labor Relations Act (Labor Law, art. 20); in 1963, the New York Legislature enacted section 716 of the Labor Law and added certain related amendments to sections 701, 705, 713 and 715 of that law (L. 1963, ch. 515). These sections subjected nonprofit hospitals and residential care centers in cities having a population of one million or more to provisions of the New York State Labor Relations Act. In 1965, section 701 of said act was amended and subjected all nonprofit hospitals and residential care centers in this State to the New York State Labor Relations Act (L. 1965, ch. 133). The enactments and amendments have the effect of changing the normal pattern of collective bargaining provided by law for other organizations covered by the Labor Relations Act by banning strikes, picketing and lockouts in nonprofit hospitals and residential care centers and requiring each to arbitrate unresolved disputes.
The first contention of the plaintiff in opposition to the motion is that summary judgment must be denied for the reason that factual questions are presented which can only be determined after trial. However, this is true only where it clearly appears that a material and triable issue of fact is presented. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.) For example, plaintiff contends that the answer 1 ‘ does not admit the fundamental allegations of the existence of plaintiff and of plaintiff’s nature ”. However, paragraph “ 2 ” of the moving affidavit clearly concedes that plaintiff is a nonprofit-making hospital. The plaintiff further contends that there is a lengthy factual narration set out in defendants’ supporting affidavit which is disputed by plaintiff. While it is true there is a factual recitation of the reasons why the sections in question were enacted, nevertheless a known statement of facts warranting *829 legislative action is presumed and there are no facts presented by the plaintiff to overcome these presumptions. (See Noyes v. Erie & Wyoming Farmers Co-op. Corp., 281 N. Y. 187.) It does not appear to this court that there is a factual issue presented which would require the court to deny relief.
The second cause of action is without merit as it relates to the plaintiff herein. Section 17 of article I of the State Constitution provides in part as follows: ‘1 Employees shall have the right to organize and to bargain collectively through representatives of their own choosing ”. The plaintiff is an employer and, consequently, does not come within the guarantee of said article. In other words, the plaintiff is not aggrieved or harmed by the said provisions barring strikes as contained in the Labor Eelations Act. As stated in Noyes v. Erie & Wyoming Farmers Co-op. Corp. (supra) where the power of the Legislature to enact a statute is conceded or established beyond successful attack, further questions of the constitutionality of the act will not be indulged on the application of any litigant unless he shows by proper pleading that he comes within the scope of the act and that special features thereof or of the order or regulation issued thereon would cause him injury.
As to the third cause of action, plaintiff’s contention that sections of the Labor Eelations Act in question are unconstitutional for the reason that charitable hospitals are the only class of employers subject to said sections, the plaintiff has not stated facts sufficient to cause this court to deem the classification as essentially arbitrary. The main contention of the plaintiff in this respect is that plaintiff is subjected to a law with regard to prohibition on picketing, striking, lockouts and the requirement of compulsory arbitration whereas profit-making hospitals are not so involved and there is equal protection guaranteed by both Federal and State Constitutions which is denied plaintiff.
It is well settled that the equal protection guarantee does not prevent all legislative classification. The Legislature may create statutory distinctions, but the power cannot be exercised arbitrarily and the distinctions must have some reasonable basis. (People ex rel. Farrington v. Mensching, 187 N. Y. 8; Village of Saratoga Springs v. Saratoga Gas, Elec. Light & Power Co., 191 N. Y. 123; Royster Guano Co. v. Virginia, 253 U. S. 412; Louisville Gas Co. v. Coleman, 277 U. S. 32; Airway Corp. v. Day, 266 U. S. 71.) The burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary, is upon the one assailing the classification, (Bohling v. Corsi, 204 Misc. 778, 784, affd. 306 N. Y. 815, app. dsmd. 348 U. S. 802.) The courts have previously held valid a classification distinction *830 between a private proprietary hospital and a nonprofit hospital. (Matter of Engelsher v. Jacobs, 5 N Y 2d 370, cert. den. 360 U. S. 902; Matter of New York State Labor Relations Bd. v. McChesney, 175 Misc. 95, affd. 261 App. Div. 1089; Matter of New York State Labor Relations Bd. v. Madison Park Hosp., N. Y. L. J., April 30, 1942, p. 1832, col. 1, affd. 265 App. Div. 1007, affd. 291 N. Y. 710; People ex rel. Doctors Hosp. v. Sexton, 267 App. Div. 736, affd. 295 N. Y. 553; Matter of St. Luke’s Hosp. v. Boyland, 12 N Y 2d 135.)
The plaintiff further contends that no standards are set by the Legislature to govern the action of the administrative agency or body, and in support of this contention cites Matter of Meit v. P. S. & M. Catering Corp. (285 App. Div. 506). It would appear that the attack is directed to section 716 of the Labor Law which provides, among other things, for binding arbitration of labor disputes between nonprofit hospitals and representative of their employees. Where no collective bargaining agreement exists and the State Mediation Board certifies it has been unable to effect a voluntary adjustment of a dispute concerning the negotiation of terms and conditions of employment, the Industrial Commissioner may direct arbitration thereof. The problem is that compulsory arbitration of unresolved disputes is provided but no outline of standards to govern the arbitrators is contained in the law.
As pointed out by the plaintiff, a wide variety of complex issues could be presented for arbitration. It would be impossible to determine exactly what procedures the arbitrators should adopt to obtain a fair and reasonable solution to any one or more problems which might be presented. The requirement of fairness and reasonableness is to be implied, and determinations are to be made only after reasonable inquiry into the facts and these factors should be read into the law. (Matter of Lipsett v. Gillette, 12 N Y 2d 162.) The National Labor Relations Board has been upheld in its power to determine jurisdictional work disputes between unions although the statutes contain no standards. (N. L. R. B. v. Radio Engrs., 364 U. S. 573. See, also, Lichter v. United States, 334 U. S. 742; Fahey v. Mallonee, 332 U. S. 245.) The Workmen’s Compensation Law contains a provision for the arbitration of controversies concerning the value of hospital and medical services rendered to an insured employee, and the validity of the law involved (§ 13-g, subd. [2]) has been sustained despite the fact that no express standards are set. (Szold v. Outlet Embroidery Supply Co., 274 N. Y. 271.)
In the opinion of this court, while the power of the arbitrators might seem to be general, with the reading into the grant the *831 elements of reasonableness and fairness and reasonable inquiry into the facts presented, sufficient standards are set for the guidance of the agency created to administer the law.
The motion for judgment in favor of the defendants is granted and the complaint is dismissed.