■ PARK AVENUE CLINICAL HOSPITAL, Appellant, v. JAY KRAMER et al., Constituting the New York State Labor Relations Board, Respondents.— Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs of this appeal to either party. Memorandum: Plaintiff seeks a judgment declaring that sections 701, 713, 715 and 716 of article 20 (New York State Labor Relations Act) of the Labor Law are unconstitutional insofar as they apply to a nonprofit hospital. Special Term correctly held that no issues of fact were presented upon the motion for summary judgment. It further concluded that there was no merit to plaintiff's claims that the several sections were unconstitutional and dismissed the complaint (48 Misc 2d 826). Such dismissal was erroneous and judgment should have been entered declaring the rights of the parties (*Hoffman* v. *City of Syracuse*, 2 N Y 2d 484, 487). We further agree with the holding implicit in the decision of Special Term that sections 701, 713 and 715 insofar as they apply to a nonprofit hospital are valid and constitutional. Judgment should be entered making such a declaration. We conclude, however, that plaintiff's attack on section 716 is premature and the constitutionality of this section should not be reached or passed upon in this action. Briefly stated the several amendments to article 20 in 1963 and 1965 (L. 1963, ch. 515; L. 1965, ch. 133) extended to employees of nonprofit hospitals and residential care centers throughout the State the right to organize, to join labor organizations and to bargain collectively (§ 703). Section 713 makes it unlawful for such employees to strike or for such a hospital or center to cause any lockout of its employees. The void thus created by prohibiting strikes and lockouts was filled by the provisions of section 716 which set up elaborate procedures for the settlement of any " grievance " or " dispute ". All that has taken place so far in this case is that a named union in June, 1965 filed with the State Labor Relations Board a petition pursuant to section 705 asking to be certified as the representative for the purpose of collective bargaining for certain groups of employees of plaintiff. Following an informal conference this action was commenced. Procedurally, plaintiff is far removed from any of the provisions of section 716. Presumably, there will have to be a vote of the employees to determine if they want to be represented by the petitioning union. If the vote is in the affirmative the parties will attempt to negotiate a contract. Such an agreement may contain a provision for submission of grievances or disputes, or both, to arbitration. If a contract is negotiated containing an arbitration clause the provisions of section 716 will have no applicability. Thus, the utilization of any of the provisions of that section is only remotely possible at the present time. Furthermore, respondents submit proof that compulsory arbitration as provided in section 716 has not been directed in any case in the State since the enactment of the 1963 amendments. The granting of a declaratory judgment rests in the sound discretion of the court (CPLR 3001). " Courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a ' controversy ' is dependent upon the happening of future events." (*Prashker* v. *United*

*States Guar. Co.*, 1 N Y 2d 584, 592) " The controversy must be present, real, definite, and substantial, and must be sufficiently matured so as to be ripe for judicial decision and final determination." (1 Anderson, Declaratory Judgments [2d ed.], p. 51.) The order insofar as it dismissed that portion of the amended complaint seeking a declaration that section 716 of the Labor Law is unconstitutional should be affirmed. (Appeal from order of Monroe Special Term granting defendants' motion for summary judgment dismissing the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.