J. Irwin Shapiro, J.
Plaintiff moved in the court below for summary judgment in the sum of $1,200. Her motion was granted to the extent of directing summary judgment in her favor hut an assessment was ordered to ascertain the amount of her damages. It is from the failure of the order entered on her motion to direct judgment in the amount sought that plaintiff appeals.
Plaintiff had entered into an installment contract with the defendant for certain home improvements. The service charge for the deferred payments was the sum of $1,200, the amount for which plaintiff sought summary judgment. On December 2, 1965 plaintiff made the last payment due under the contract and she then requested of defendant a satisfaction of the mortgage which she had executed on the chattels covered by the contract. More than a year having elapsed and defendant having failed to deliver a satisfaction of the mortgage, plaintiff *1003 retained counsel, who was equally unsuccessful in obtaining a satisfaction of the mortgage. It was not until after the commencement of this action that the defendant mailed the documents plaintiff had requested.
This appeal presents the anomaly of two contradictory statutes, each of which provides sanctions for the failure of the holder of a chattel mortgage, upon demand, to furnish to the debtor a satisfaction of the mortgage after full payment has been made thereunder.
The Retail Instalment Sales Act (Personal Property Law, § 414, subd. 2) provides that in the case of the failure of the holder of a secured obligation, on a written demand by the debtor, to send a statement that he no longer claims a security interest under the financing statement, the debtor “ shall have the right to recover from such person an amount equal to the credit service charge or service charge imposed and the amount of any delinquency, collection, extension, deferral or refinance charge imposed.” Section 9-404 of the Uniform Commercial Code, on the other hand, provides that in such a situation the secured party “ shall he liable to the debtor for [$100], and in addition for any loss caused to the debtor by such failure.”
The question presented for decision upon this appeal is whether an aggrieved debtor may recover an amount equal to the credit service charge and other charges, as provided in the Personal Property Law — in this case $1,200 — or whether the recovery is limited to the $100 penalty plus the actual loss caused to the debtor by the creditor’s failure to furnish him with a satisfaction, as provided in the Uniform Commercial Code.
In the court below, defendant made two contentions in opposition to plaintiff’s motion for summary judgment. The first was that section 412 of the Personal Property Law, which provides for the delivery of a satisfaction of mortgage by the holder thereof, was limited by former section 72 of the Personal Property Law to a penalty of $5 plus “ all damages suffered ” and that its successor section (Uniform Commercial Code, § 9-404) limits the penalty in such case to $100 plus “ any loss caused to the debtor by such failure,” and therefore plaintiff was not entitled summarily to be awarded judgment for $1,200. Defendant’s second contention was that since the provision in subdivision 2 of section 414 of the Personal Property Law for the return of the entire service charge paid is more severe than similar remedies provided by section 1921 of the Real Property Actions and Proceedings Law, or sections 304 and 307 of the Personal Property Law (Motor Vehicle Retail *1004 Instalment Sales Act), or former section 72 of the Personal Property Law and section 238 of the Lien Law (now Uniform Commercial Code, § 9-404), defendant was deprived of equal protection of the laws and due process and its privileges and immunities if section 414 were to be applied here.
The court below agreed with defendant’s contention that only actual damages may be recovered, for although granting plaintiff summary judgment, he directed that a hearing be had to establish the amount of such damage. We believe that in refusing to grant plaintiff the entire relief she requested the learned court below was in error.
Section 412 of the Personal Property Law provides: “ After the payment of all sums for which the buyer is obligated under a contract or obligation, and upon written demand made by the buyer, the holder .shall deliver, or mail to the buyer at his last known address, such one or more good and sufficient instruments as may be necessary to acknowledge payment in full and to release all security in the goods. This section does not repeal section seventy-two of this chapter or section two hundred thirty-eight of the lien law.”
At the time the last payment under the contract was made, both section 72 of the Personal Property Law and section 238 of the Lien Law had been repealed by section 10-102 of the Uniform Commercial Code and were substantially re-enacted by section 9-404 of that law. Section 412 of the Personal Property Law, which refers to section 72 of the Personal Property Law and section 238 of the Lien Law, was not amended to reflect this change. In such cases, however, the General Construction Law provides that any prior references to a repealed statute shall be deemed a reference to the re-enacted provision (General Construction Law, § 80). The pertinent portion of section 9-404 of the Uniform Commercial Code, the re-enacted provision in effect at the time of the last payment under the contract, reads: “ (1) Whenever there is no outstanding secured obligation and no commitment to make advances, incur obligations or otherwise give value, the secured party must on written demand by the debtor send the debtor a statement that he no longer claims a security interest under the financing statement * * * If the affected secured party fails to send such a termination statement within ten days after proper demand therefor he shall be liable to the debtor for one hundred dollars, and in addition for any loss caused to the debtor by such failure.” (Emphasis supplied.)
However, section 414 of the Personal Property Law (Retail Instalment Sales Act) also contains a general penalty provision *1005 dealing with the same subject matter covered by section 9-404 of the Uniform Commercial Code.
The pertinent portion of section 414 reads:
“2. In case of failure by any person to comply with the provisions of this article, the buyer shall have the right to recover from such person an amount equal to the credit service charge or service charge imposed and the amount of any delinquency, collection, extension, deferral or refinance charge imposed.
“ 3. Notwithstanding the provisions of this section, any failure to comply with any provision of this article may be corrected within ten days after the holder is notified thereof in writing by the buyer and, if so corrected, neither the seller nor the holder shall be subject to any penalty under this section.” (Emphasis supplied.)
These legislative provisions present for determination the question of whether the remedy provided in section 9-404 of the Commericial Code is in lieu of or in addition to the penalty provided for in subdivision 2 of section 414 of the Personal Property Law.
The last sentence of .section 412 of the Personal Property Law, which provides that the enactment of that section “ does not repeal section [72] of this chapter or section [238] of the lien law,” is less than a model of clarity. The legislative history of the adoption of the Retail Instalment Sales Act (Personal Property Law, § 401 et seq.) does not discuss the problem here presented or reveal what is meant by that reservation. However, an analysis of the analogous provision in the.Motor Vehicle Retail Instalment Sales Act (also part of the Personal Property Law) sheds some light on the subject. That act also requires the seller to issue a release of security (Personal Property Law, § 304) but it does not give the purchaser the right to recover the credit service charge if the seller fails to comply (Personal Property Law, § 307). Since no specific remedy was given to the purchaser by that act, there was no need to refer therein to section 72 of the Personal Property Law, for there was no doubt that the remedies provided in the Uniform Conditional Sales Act (Personal Property Law, § 72, now Uniform Commercial Code, § 9-404) would apply. The following year the Legislature passed the Retail Instalment Sales Act which, by section 414 of the Personal Property Law, provided for the recovery of the credit service and other service charge, if the seller violates its provisions. Since a specific remedy was there provided, it would seem that the last sentence *1006 in section 412 of the Personal Property Law with respect to section 72 of the Personal Property Law was intended to negate the possibility that the remedy provided in section 414 of the Personal Property Law might be construed to exclude the additional remedy provided for by section 72. We conclude that, under the circumstances of this case, plaintiff was not restricted to the rights afforded her by the Commercial Code, and that she could properly pursue the remedy given her by the Personal Property Law.
Defendant’s dogmatic assertion, without the citation of any authority, that the statutes in question unconstitutionally deprive him of equal protection of the laws ‘1 since the relief available against all other classes of creditors in identical situations is infinitely less stringent and harsh,” is without merit.
To begin with, legislative acts carry a strong presumption of constitutionality (Paterson v. University of the State of New York, 14 N Y 2d 432, 438), and the unconstitutionality of an act must be demonstrated beyond a reasonable doubt (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40).
Furthermore the guarantee of equal protection of the law does not prevent all legislative classification (Park Ave. Clinical Hosp. v. Kramer, 48 Misc 2d 826, 829) nor does it mandate constant and perfect balancing of societal burdens (Wasmuth v. Allen, 43 Misc 2d 14, 16, affd. 21 A D 2d 857, affd. 14 N Y 2d 391). The doctrine of equal protection of laws means that all persons subject to particular legislative acts shall be treated alike both in privileges conferred and in liabilities imposed. (9 N. Y. Jur., Constitutional Law, § 297.) That, however, does not mean that legislation may not be enacted which singles . out and classifies persons and objects, provided only that all members of the same class are treated alike. (Derman v. Ingraham, 47 Misc 2d 346, 349, affd. 25 A D 2d 795.) Nor is equal protection denied merely because, at one time one individual is not included within the class regulated, while at another time another individual similarly situated is included within that class, where there is no discrimination among persons in a similar situation at any given period. (N. Y. Jur., supra.)
The statutes applicable here therefore do not deprive defendant of equal protection of the laws for all holders of such secured obligations are equally subject to this law.
Defendant’s subsidiary contention that section 414 is unconstitutional because it imposes a penalty for a possible non-willful default is also without merit. There is no public policy *1007 against the imposition of a penalty, and they have been imposed by the State in numerous instances. (Loucks v. Standard Oil Co. of N. Y., 224 N. Y. 99, 112; 44 N. Y. Jur., Penalties and Forfeitures, § 6.) Moreover, where the penalty is of a remedial nature and is designed primarily to safeguard private rights, the statute is not strictly construed (Hobson v. York Studios, 208 Misc. 888; cf. Michigan Mut. Liab. Co. v. State of New York, 53 Misc 2d 408, 410).
The defendant has utterly failed to demonstrate that subdivision 2 of section 414 of the Personal Property Law is unconstitutional. The Retail Instalment 'Sales Act merely precludes a seller from retaining the service charge which the act permits him to charge if he does not comply with its provisions. In the present case, the defendant alone is responsible for its predicament. For over a year it ignored the plaintiff’s demand for a release of the lien and even the importuning of counsel was of no avail. It was only the institution of the present lawsuit that finally brought an answer to plaintiff’s request and compliance with the statute.
The order of the court below should be modified by deleting the provision for an assessment of damages and by awarding judgment to plaintiff in the amount of $1,200, with interest and appropriate costs in the court below, and, as so modified, affirmed, with $10 costs.
Schwartzwald and Groat, JJ., concur.
Order modified, etc.