Mary WESLEY, for herself and all other persons similarly situated, Plaintiff,

v.

JOHN MULLINS & SONS, INC., et al., Defendants.

No. 74–C–273.

United States District Court, E. D. New York.

Jan. 16, 1978.

John C. Gray, Jr., Brooklyn, N. Y., Brooklyn Legal Services Corp. B, South Brooklyn Branch, Douglas V. Ackerman, Brooklyn, N. Y., of counsel, Mark K. Spires, Queens Legal Services Corp., Long Island City, N. Y., Karen J. Berger, Long Island, N. .Y., of counsel, for plaintiff.

Breed, Abbott & Morgan, New York City, for defendants; C. MacNeil Mitchell, Eric M. Nelson, New York City, of counsel.

BARTELS, District Judge.

This is a motion by defendant John Mullins & Sons, Inc. ("Mullins") to dismiss plaintiff's pendent state law claim or, in the alternative, to decertify the class action with respect thereto. Plaintiff filed this class suit on February 2, 1974, charging Mullins with violations of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and the New York Retail Installment Sales Act, N.Y.Pers.Prop.L. §§ 401 *et seq.* (McKinney 1976). The action was tentatively certified as a class action on October 24, 1975, to permit discovery to continue, and on May 14, 1976, again certified, subject to further order of the court.

When this action was instituted, the Truth-in-Lending Act provided that any creditor who failed to make the requisite disclosures would be liable for twice the amount of the finance charge, but in no case for less than $100 or greater than $1,000.[1] In 1974 the Truth-in-Lending Act was amended to render inapplicable the minimum recovery provisions of the statute to class actions and to limit the total recovery in a class action to the lesser of 1% of the creditor's net worth or $100,000 (later raised to $500,000), plus actual damages, costs and counsel fees.[2] The purpose of this amendment was "to protect small business firms from catastrophic judgments."[3]

The New York Retail Installment Sales Act incorporates the Truth-in-Lending standards,[4] and provides that in case of violation, the consumer is entitled to recover from the creditor an amount equal to the finance charge plus any delinquency, etc.,

---

1. Truth-in-Lending Act, Pub.L.No. 90–321, 90th Cong., 2d Sess. § 130, 82 Stat. 157 (1968).

2. Act of Oct. 28, 1974, Pub.L.No. 93–495, 93d Cong., 2d Sess. § 408, 88 Stat. 1519; Act of March 23, 1976, Pub.L.No. 94–240, 94th Cong., 2d Sess. § 4(3), 90 Stat. 260; 15 U.S.C.A. § 1640(a)(2) (Supp.1977).

3. Conf.Rep.No. 93–1429, 93d Cong., 2d Sess., [1974] U.S.Code Cong. & Adm.News pp. 6148, 6153.

4. N.Y.Pers.Prop.L. § 413(11)(d) (McKinney 1976). No assertion has been made that a claim under the New York statute becomes a federal claim because federal standards are incorporated, for "[t]he mere adoption by a State

law of a United States law as a criterion or test, where the law of the United States has no force proprio vigore, does not cause a case under the State law to be also a case under the law of the United States . . . ." H. Hart & H. Wechsler, *The Federal Courts and the Federal System* 882 (2d ed. 1973). *See Louisville & Nashville R. Co. v. Western Union Telegraph Co.,* 237 U.S. 300, 35 S.Ct. 598, 59 L.Ed. 956 (1915); *Miller v. Anderson,* 150 U.S. 132, 14 S.Ct. 52, 37 L.Ed. 1028 (1893). The case is the converse of *Ives v. W. T. Grant Co.,* 522 F.2d 749 (2d Cir. 1975), which found federal jurisdiction where the federal law had incorporated the state standard.

charges.[5] At the time this suit was instituted, New York law did not permit a class action to be maintained in cases of this nature, *Hall v. Coburn*, 26 N.Y.2d 396, 311 N.Y.S.2d 281, 259 N.E.2d 720 (1970). In 1975, when the New York Civil Practice Law and Rules were amended to conform its class action provisions to the federal practice, class actions to recover penalties or minimum measures of recovery were specifically prohibited, unless the statute creating the penalty or minimum recovery explicitly authorized class actions.[6] This prohibition "was apparently designed to discourage massive class actions for statutory violations where it would be difficult to identify the members of the class and where recovery of the statutory minimum by each class member results in 'annihilatory punishment.' "[7] Section 414 of the Personal Property Law, the parallel provision to § 130 of the Truth-in-Lending Act, 15 U.S.C. § 1640, is entitled "Penalties" and subdivision (3) thereof specifically states that upon timely correction of noncompliance with the statute, "neither the seller nor the holder shall be subject to any penalty under this section."[8] Section 414 does not specifically authorize class actions.

The impact of these amendments was not brought to the attention of the court when it certified the class in this action predicated upon *Kristiansen v. John Mullins & Sons, Inc.*, 59 F.R.D. 99 (E.D.N.Y.1973), decided before the amendments to the Truth-in-Lending Act and the N.Y.C.P.L.R. Indeed it did not become apparent until plaintiff informed the court that recovery per class member on the federal claims could be as low as $5.00, with a total recovery of $35–40,000 for the class,[9] while recovery on the pendent state claims could amount to $300–600,000. We are thus faced with the incongruous situation where the state law claims not only significantly exceed the federal

law claims, but also could not be asserted in a class action in state court. It is this anomaly of the tail wagging the dog which gave rise to the present motion to dismiss or decertify the pendent state claims.

Mullins asserts various grounds in support of its motion, but we reach only the issue of jurisdiction. In the landmark case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court outlined the now familiar principles of pendent jurisdiction, describing both the power of the federal courts to hear state claims closely related to a federal claim and the discretion of the court to decline to exercise this power under the proper circumstances. In that case the Court also said that the question of pendent jurisdiction remains open for adjudication throughout the litigation.

Recently the Supreme Court revisited the subject of pendent jurisdiction in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), where plaintiff, a discharged county clerk, brought an action under 42 U.S.C. § 1983 against the county treasurer and also asserted a claim under state law against the county, which could not be sued under § 1983 and with respect to which there was no diversity. The plaintiff argued that there was pendent party jurisdiction over the county because her claim against the county and her § 1983 claim against the treasurer arose out of a common nucleus of operative facts, but the Supreme Court affirmed the lower court's dismissal of the claim for lack of jurisdiction. In addition to pointing out the factual differences between pendent claim and pendent party jurisdiction, the Court stated that parties whom Congress excluded from liability under the federal statute cannot be brought back within the jurisdiction of the federal courts merely because the facts also

---

5. N.Y.Pers.Prop.L. § 414(2).

6. N.Y.C.P.L.R. § 901(b).

7. McLaughlin, *Practice Commentaries* C 901:7 (McKinney 1976).

8. *Tyler v. Eastern Discount Corp.*, 55 Misc.2d 1002, 286 N.Y.S.2d 948 (Sup.Ct., App.Term 1968).

9. Plaintiff also argues that the class members may have suffered significant "actual damages," but this possibility is unsupported by any evidence and is merely speculative.

give rise to an ordinary civil action against them under state law. It indicated that the reach of pendent jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power has been extended by Congress.[10]

While the parallel state claim in this case does not raise any questions over the scope of federal judicial power under the Truth-in-Lending Act as to the persons who can be made parties, Congress has significantly limited the power of the federal courts as to the amount of recovery for which a defendant can be liable under that statute. We believe that by analogous reasoning, the doctrine of the *Aldinger* case is applicable to pendent state claims providing for recovery of an amount in excess of that permitted by the federal statute.[11]

Moreover, assuming *arguendo* the court had power to exercise pendent jurisdiction, it would in its discretion refuse to do so under the circumstances of this case. In view of the fact that the damages recoverable under the state class claim far outweigh those of the federal claims, the continuance of such a state class action not only offends the policies of both the federal and state governments to limit potentially overwhelming penalty recoveries, but also permits a plaintiff by a procedural device to do that which is forbidden by both federal and state law. We believe that pendent jurisdiction was never intended to permit such a result.[12]

Accordingly, the class action aspect of plaintiff's claim under N.Y.Pers.Property L. § 414(2) is hereby dismissed for lack of jurisdiction over the subject matter and the class is hereby decertified with respect

10. See Comment, *Aldinger v. Howard and Pendent Jurisdiction*, 77 Colum.L.Rev. 127 (1977).

11. See *id.* at 147–52; *Kerby v. Commodity Resources Inc.*, 395 F.Supp. 786 (D.Colo.1975); *Van Hoomissen v. Xerox Corp.*, 368 F.Supp. 829 (N.D.Cal.1973).

12. We recognize that the court might have power to exercise pendent jurisdiction over the state class claims if the amount of recovery sought thereunder were limited to that permissible under § 1640(a)(2)(B). This would emasculate the class members' recovery under the state statute, but it would go far in satisfying

thereto, without prejudice to the prosecution of plaintiff's individual claim under the state law.

SO ORDERED.

the federal and state policies against annihilatory penalty judgments. It would also circumvent the prohibition against class actions under C.P.L.R. § 901(b), as well as raise questions as to how the limited recovery would be distributed to the class, for N.Y.Pers.Prop.L. § 414(2) does not permit the court to consider all of the equitable factors it must consider under § 1640(a). It is thus doubtful whether it would be a proper exercise of our discretion to assert pendent jurisdiction under these hypothetical circumstances.