■ JOHN DOE, Doing Business as CAPRI ART THEATRE, Respondent, v CITY OF BUFFALO et al., Appellants. — Judgment unanimously reversed, without costs, and judgment entered in favor of defendants in accordance with the following memorandum: An amendment to the Buffalo City Ordinances requires all movie theatre operators to file a certificate of registration, specifying the name and address of the owner of the building, the name and address of the owner of the business, and the names and addresses of the officers of the business, if any. A failure to register as required will result in revocation of all other licenses issued to the business (Buffalo City Ordinances, ch 7, § 31). The plaintiff, using the fictitious name of John Doe, commenced the instant declaratory judgment action, seeking to have this provision declared unconstitutional. Special Term granted the relief requested, finding that the ordinance violates plaintiff's rights to be free from compelled disclosure, guaranteed by the Fifth and Fourteenth Amendments. Special Term reasoned that the disclosure of plaintiff's name will facilitate criminal prosecutions against him under the obscenity statutes (Penal Law, § 235). Initially, it must be noted that the ordinance in question is regulatory in nature, designed to insure that the individuals responsible for the building and the business may be contacted and summoned to court, should the business jeopardize the health, safety and welfare of the community. It is not an unreasonable exercise of the police power for a city to desire the names and addresses of those operating businesses within its boundaries. Nor has the City of Buffalo singled out movie operators, as it has similar disclosure requirements applicable to various other businesses (see, e.g., Buffalo City Ordinances, ch 7, § 24, subd 2; § 27, subd 3; § 30, subd 3; ch 5, §§ 47, 111, 222, 251, 284, 372, 392). Moreover, the General

Business Law requires persons conducting business within the State under a name other than his or its own to file a certificate with the county clerk (General Business Law, § 130, subd 1). Plaintiff's claim that the disclosure ordinance violates its rights against self incrimination must be rejected. The Supreme Court has held that disclosure requirements infringe on one's Fifth Amendment rights only when the disclosure is tantamount to an admission of criminal activities *(California v Byers,* 402 US 424, 427-431), such as membership in the Communist Party *(Albertson v Subversive Activities Control Bd.,* 382 US 70), gambling *(Marchetti v United States,* 390 US 39), or trafficking in marihuana *(Leary v United States,* 395 US 6). Although the information disclosed may provide a "'link in the chain'" leading to prosecution under a criminal statute, this fact alone does not make the ordinance unconstitutional *(California v Byers, supra,* p 428). Only when the disclosure requirements are directed at a group "'inherently suspected of criminal activities'" will they be deemed to entail a substantial risk of self incrimination *(California v Byers, supra,* pp 430-431; *People v Samuel,* 29 NY2d 252, 257). Clearly, theatre operators are not such a group. The judgment appealed from also declared unconstitutional section 16 (subd [17], par [1], cl [e]) of chapter 70 of the Buffalo City Ordinances, insofar as the ordinance required an applicant for an adult use permit to disclose "such other information as the director of licenses and permits shall require". We note that since the challenged portion of the subject ordinance never has been implemented, an attack on the constitutionality of the section was premature and, therefore, a declaratory judgment should not have been rendered (see *Park Ave. Clinical Hosp. v Kramer,* 26 AD2d 613, affd 19 NY2d 958; see, also *Walsh v Andorn,* 33 NY2d 503, 507). (Appeal from judgment of Erie Supreme Court, Mintz, J. — disclosure.) Present — Dillon, P.J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.