■ INITIO FINANCIAL, INC., Appellant, v GREENMAN BROS., INC., Respondent. — In a proceeding pursuant to subdivision (d) of section 624 of the Business Corporation Law to compel respondent to produce and permit inspection of the minutes of the proceedings of its shareholders and the records of the shareholders, petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 9, 1981, as granted respondent's cross application directing petitioner to comply with respondent's requests for discovery. Order reversed insofar as appealed from, on the law, without costs or disbursements, and respondent's cross application is denied. Petitioner holds more than 5% of the shares in respondent Greenman Bros., Inc. In March, 1981, petitioner requested that it be represented on Greenman's board of directors, or alternatively, that it be given permission to examine the minutes of proceedings of the shareholders and the records of the shareholders, pursuant to section 624 of the Business Corporation Law. Respondent denied both requests, and petitioner, after submitting an affidavit in conformity with subdivision (c) of section 624, brought this proceeding to compel respondent to produce the records. Respondent answered, asserting in opposition its belief that petitioner is an unregistered investment company in violation of the Investment Company Act of 1940, and therefore should not be given the records as it could not lawfully pursue any purpose for which the records could be requested. Respondent sought a hearing and further sought leave to conduct discovery in connection with the hearing. Special Term found that petitioner was entitled to the records and that no hearing was required but rather respondent should take its complaint to the Securities and Exchange Commission (*Securities & Exch. Comm. v General Time Corp.*, 407 F2d 65, cert den 393 US 1026). Nonetheless, the court then directed petitioner to comply with

respondent's demand for discovery. Under the circumstances, this was an abuse of discretion. Respondent's cross application for discovery was not in aid of any counterclaim that would survive the granting of the petitioner's application but was instead in aid of the defense necessarily rejected by the granting of the application. Thus in directing discovery by respondent against petitioner to protect against "any future endeavors" by petitioner, Special Term improperly attempted to grant provisional relief in aid of a hypothetical and therefore nonjusticiable claim (cf. *Park Ave. Clinical Hosp. v Kramer,* 26 AD2d 613, affd 19 NY2d 958; *Fellenz v Schaefer,* 229 NYS2d 144). Therefore the order must be reversed insofar as appealed from, and the cross application must be denied. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.