PENNBILD REALTY COMPANY, Plaintiff, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 31, 1955.

*Herbert M. Horowitz* for plaintiff.

*Jacob K. Javits, Attorney-General (Irving L. Rollins* of counsel), for defendant.

GREENBERG, J. Plaintiff moves to dismiss the defense for insufficiency. It claims to bring this action pursuant to article 15 of the Real Property Law for a determination that defendant's possession is without plaintiff's consent, is improper and unlawful and that possession be awarded to it. The defense is based on the Business Rent Law (L. 1945, ch. 314 as amd.). Plaintiff contends the defendant, the State of New York, is not bound by the statute which does not and was not intended to apply to a sovereign. It relies on the principle that a sovereign is not bound by the provisions of a statute unless it is made manifest that it is bound thereby. The lease was made August 8, 1944, for a term beginning November 1, 1944 and ending October 31, 1949. The parties adjusted rent twice with respect to the emergency rent as of June 1, 1944, and in accordance with successive amendments granting increases of 15%. Despite a notice given May 28, 1954, to remove and deliver possession on June 30, 1954, defendant remains in possession and claims right of possession as a statutory tenant. In *City of Buffalo* v. *Hanna Furnace Corp.* (305 N. Y. 369, 374–375), the court stated: '' The canon of construction thus invoked is usually phrased in terms of a presumption that ' statutes which in general terms divest pre-existing rights or privileges will not be applied to the sovereign without express words to that effect.' (See *United States* v. *Mine Workers,* 330 U. S. 258, 272–273; *United States* v. *Herron,* 20 Wall [U. S.] 251, 263; *People* v. *Herkimer,* 4 Cow. 345, 348.) There are, on the other hand, indications that that canon serves, not as an inflexible rule of construction, but rather as one available signpost to legislative intent or design. (Cf. *Ohio* v. *Helvering,* 292 U. S. 360, 370; *Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84, 92–93; *United States* v. *California,* 297 U. S. 175, 186; *State of Indiana* v. *Woram,* 6 Hill 33, 38.) We need not, however, here determine the exact nature or force of the canon in question, since the impact of the statute in the present case falls, not on the state, but on an individual officer or agent thereof, and there is no showing that the proposed application of the statute will seriously prejudice the state.'' (See, also, *United States* v. *Mine Workers,* 330 U. S. 258.)

Distinction has been made in cases tendering issues arising from such statutes where the State on the one hand was a landlord or lessor and on the other hand a lessee. In the former, the statute is held not to apply (*Port of New York Auth.* v. *Linde Paper Co.,* 205 Misc. 110; *United States* v. *Weisenbloom,* 168 F. 2d 698). Such holding is upon the prin-

ciple that the sovereign may not be restricted or its rights and interests derogated unless it is made to appear the statute extends to the State (*United States* v. *Wittek,* 337 U. S. 346; *Gould* v. *State of New York,* 196 Misc. 488; *Nardone* v. *United States,* 302 U. S. 379).

Chapter 452 of the Laws of 1953, effective April 2, 1953, amended the Business Rent Law as follows: " The provisions of this act, however, shall be inapplicable * * * to (d) any business space with respect to which the state or any city or the New York City housing authority has heretofore acquired or shall hereafter acquire the status of landlord."

This is a clear codification and also an expression by exclusion that the statute applies to the State as a tenant. Such practical construction has been given to the statute by the parties (*People ex rel. Werner* v. *Prendergast,* 206 N. Y. 405). In actual fact the complaint does not seek determination of a claim to real property. It does not allege any grounds upon which it could recover possession of business space in a summary proceeding and upon its face it appears the claim is defeated by the defense. Nor does it appear that an adverse claim exists or has been put forward which is not determinable by other forms of action or proceeding. Plaintiff's pleading makes plain that defendant is a statutory tenant and not a holdover. The motion is, therefore, denied and the complaint is dismissed (Rules Civ. Prac., rule 109, subd. [6]).