Bussell Q-. Hunt, J.
This is a claim to recover damages arising out of an alleged false arrest and false imprisonment by members of the New York State Police.
The claimant, on May 2,1959, at about 11:30 p.m., was driving an automobile on Boute No. 9 in the Town of Colonie, Albany County, when he was stopped by two members of the State Police, for what has been described as a “ routine check ”. The car bore license plates issued in the name of claimant’s mother by the Commonwealth of Massachusetts, the place of her residence. Upon request, the claimant produced for inspection by the police the car registration certificate and his Massachusetts operator’s license showing residence with his mother. At the same time, however, he gave a Troy address as his place of abode for over the past six months and stated he was employed in that city; although, upon the trial, he testified he was a Massachusetts resident at the time. He was then arrested for a violation of subdivision 2 of section 51 of the Vehicle and Traffic Law (a misdemeanor; id., § 70, subd. 1), in that he had no New York State operator’s license; the privilege accorded to the Massachusetts operator’s license having expired. The claimant was then taken to a Justice of the Peace where he pleaded not guilty to the information laid by one of the policemen. Thereupon, the claimant, for the first time, produced a valid New York State operator’s license. The Justice of the Peace dismissed the charge. The State Police then laid an additional information charging a violation of subdivision 7 of section 20, entitled “ Holding more than one license at the same time”, upon the ground that the possession of the Massachusetts operator’s license and the New York State operator’s license *489 constituted the illegal holding of two licenses, a misdemeanor (§ 70, subd. 1). The claimant pleaded not guilty to the information, the case was adjourned for trial three days later, and he was committed by the Justice of the Peace to the Albany County jail in default of bail in the sum of $50. He was released from jail the next morning by the posting of bail. Upon the case being called for trial, claimant’s counsel moved for a dismissal upon the ground that the statute plainly referred to unexpired licenses “ issued pursuant to this section” (§ 20, subd. 7) and since the Massachusetts operator’s license was not such a license there could be no violation. The claimant held but one license “issued pursuant to this section” (id.). The motion was granted and the claimant was discharged.
The claimant brought about his arrest in the first instance because of his failure to exhibit his New York State operator’s license. He has not offered a satisfactory explanation for his failure or refusal to do so. His second arrest and his detention were not sanctioned by law. The arrest, information and commitment were void and the liability therefor is upon the State (see Williams v. State of New York, 16 Misc 2d 109, affd. 9 A D 2d 415, affd. 8 N Y 2d 886). The claimant had the right to be secure from an illegal arrest and confinement. Personal liberty is a natural right and it is “ guarded with jealous care by that inexorable mistress ‘ the law of the land ’ ” (Voorhees, Law of Arrest [2d ed.], p. 1). There was a failure of due process of law herein. A knowing disregard of one’s rights calls for the imposition of exemplary damages. The amount is determined to be $3,000. In addition, the claimant should be compensated for the mortification, humiliation and shame he was subjected to and such damages are determined upon as $1,000.
The claim herein has not been assigned or presented otherwise for audit or determination.
The foregoing constitutes the decision of this court upon which judgment in the aggregate sum of $4,000 may be entered pursuant to section 440 of the Civil Practice Act.