Alexander Del Giorno, J.
This is a motion for an order, pursuant to section 17 of the Court of Claims Act and article 31 of the Civil Practice Law and Rules, directing the State of New York, by the District Engineer of the Department of Public Works and such other State employees having personal knowledge of the facts pertaining to the subject matter of the examination, to submit to an examination before trial, as an adverse party. An order is sought also, for the purposes authorized by article 31 of the Civil Practice Law and Rules, for the production at such examination of the construction contract, specifications, contract drawings, blueprints, diaries, Superintendent’s records, books, records and papers pertaining to this instant matter.
The State does not object to an examination before trial of the District Engineer as a representative of the State.
The State opposes the “ production of materials listed ” upon the ground that while under rule 3111 of the Civil Practice Law and Rules a notice or subpoena to take a deposition may require the production of books, papers and other things in the possession, custody or control of the person examined to be marked as exhibits and used on the examination, no provision is made for such a production on an order to take a deposition; that under subdivision (f) of section 3102 in an action in the Court of Claims, disclosure may be obtained only by an order of this court. The State contends that even if production of records should be allowed, it should be limited to use by the examined party for refreshing his recollection and marked for identification if necessary; further, that the order should be limited to specific documents enumerated in the motion and that there should be no general inspection allowed of the other papers demanded. The State insists that if the court should order production, it should indicate that these items are not being produced for discovery and inspection.
The proposition advanced by the State that the Civil Practice Law and Rules are not applicable in this court because rule 3111 provides for an examination by means of a notice or subpoena, while subdivision (f) of section 3102 provides that in an action in this court disclosure may be obtained only by order, is not *603 impressive. The scope of the examination is not limited thereby, bnt only the method employed to obtain the examination. The said subdivision (f) was added at the suggestion of the Attorney-General’s office on the ground that any other rule would burden the State unnecessarily. It was contemplated, however, that disclosure will be rather freely granted by the Court of Claims. (Note of Advisory Committee.)
The language in rule 3111 was inserted upon suggestion of the Advisory Committee on Practice and Procedure, which was opposed to perpetuating the solecism formerly contained in section 296 of the Civil Practice Act which related to the reception of documents ‘ ‘ in evidence ’ ’ upon a deposition. The phrase “in the possession, custody or control of the person to be examined” has been added for the sake of clarity. (Sixth Report of Sen. Finance Comm., 1962, pp. 307-308; N. Y. Legis. Doc., 1962, No. 8, pp. 307-308.)
The State argues that the court’s lack of jurisdiction is borne out by the fact that “ a 1963 legislative session of this State saw the passage in both legislative houses of an act to amend the Court of Claims Act by adding a new section 17(a) which would have given this Court the power to compel the State * * * ‘ to give the state or interpleaded party, an inspection # * * of a book, document or other paper ’ and further gave this Court power to order 1 the foregoing production and discovery as an incident to an examination before trial granted pursuant to section seventeen of this act.’ ” The State alleges that this act was vetoed by the Governor, and concludes that the Legislature was 1‘ of the opinion that this Court was without jurisdiction either under the Court of Claims Act or the Civil Practice Law and Rules to require the production of books and records at an examination before trial or to order a discovery and inspection.”
This bill (Sen. Int. No. 515, Print No. 515) prefiled January 9, 1963, passed both houses and was delivered to the Governor on March 14,1963. It was recalled from the Governor on March 26, 1963. The Senate vote was reconsidered and the bill was eventually recommitted to the Codes Committee where it died. While the bill was in the hands of the Governor, his counsel requested a memorandum from the then Presiding Judge of this court. The memorandum submitted by the latter stated as follows:
“ The subject bill would make the procedure of discovery and inspection available to a claimant in the Court of Claims.
“ § 3102, sub-div. f, of the New Civil Practice Law and Rules, effective September 1, 1963, provides that in an action in the *604 Court of Claims disclosure may be obtained only by order of the court. This provision will make the procedure of disclosure available to parties to an action in the Court of Claims. Discovery and production of documents and things for inspection are included in the procedure of disclosure. §§ 3102, 3120, Civil Practice Law and Buies.
“ In view of the fact that the remedy of disclosure will become available in an action in the Court of Claims on September 1, 1963, it is my opinion that the new section which subject bill would add to the Court of Claims Act will be superfluous and for this reason I recommend disapproval of the bill.”
It is obvious that the reason for the recommitment of the bill to the Codes Committee may have been the content of this memorandum, rather than the belief of the Legislature that this court was without jurisdiction. In any event, this court subscribes to the statements made in this memorandum.
There was a further bill, introduced with the approval of the Attorney-G-eneral. This bill (Sen. Int. No. 3735, Print No. 4434, filed March 27, 1963) companion bill to Assembly Int. No. 5113, Print No. 5842, provided that subdivision (f) of section 3102 of the Civil Practice Law and Buies be repealed, and that rule 3120 of such law and rules, as thus renumbered by chapter 315 of the Laws of 1962, be amended to read as follows:
“ § 2. Buie three thousand one hundred twenty of such law and rules, as thus renumbered by chapter three hundred fifteen of the laws of nineteen hundred sixty-two, is hereby amended to read as follows:
‘ ‘ Buie 3120. Discovery and production of documents and things for inspection, testing, copying or photographing.
“ (a). After commencement of an action, any party may serve on any other party notice:
“ 1. to produce and permit the party seeking discovery, or someone acting on his behalf, to inspect, copy, test or photograph any specifically designated documents or any things which are in the possession, custody or control of the party served, specified with reasonable particularity in the notice; or
“2. to permit entry upon designated land or other property in the possession, custody or control of the party served for the purpose of inspecting, measuring, surveying, sampling, testing, photographing or recording by motion pictures or otherwise the property or any specifically designated object or operation thereon.
“ The notice shall specify the time, place and manner of making the inspection, copy, test or photograph or the entry upon the land or other property.
*605 “ (b). This rule shall not apply in the court of claims.
“ § 3. Section three thousand one hundred twenty-three of such law and rules is hereby amended by adding thereto a new subdivision, to be subdivision (d), to read as follows:
“ (d). This section shall not apply in the court of claims.
“§ 4 This act shall take effect September first, nineteen hundred sixty-three.”
This bill passed the Assembly but died in the Senate Codes Committee.
The court feels that the introduction of this bill at the suggestion of the Attorney-General presupposes a recognition by him that the remedy of disclosure was intended to apply to the court.
The State claims that if this court holds disclosure to be available, such determination would be contrary to the canon of construction that a sovereign is presumptively not bound by its own statutes unless named therein. The State cites Carey v. Standard Brands (12 A D 2d 233, 236). The court there held further that such presumption “ is intended only as an aid to consistent constructions of statutes of the enacting sovereign when their purpose is in doubt. (United States v. California, 297 U. S. 175, 187.) ” A statute does apply to the State if the State is included therein by necessary implication. (McKinney’s Cons. Laws of N. Y., Statutes, § 115.) Under the circumstances surrounding the enactment of the Civil Practice Law and Rules, the court holds that the State is included therein by necessary implication, and that their purpose is clear.
The State evinces an apprehension that the application to it of the new rules as to discovery will place upon it an undue burden. By providing that in an action in this court disclosure may be obtained only by order, the Legislature has demonstrated an awareness of the peculiar position of the State. Upon the application of the claimant for such an order, the State is assured that the court will continue to exercise its sound discretion in its consideration of the proposed items of disclosure. Indeed, at any time during the course of the discovery proceeding, the State may have recourse to the court for a ruling. Otherwise, however, the State must accept its new position under the law.
Accordingly, the motion is granted. The claimant may examine the State of New York by the District Engineer of the Department of Public Works and such other State employees having personal knowledge of the facts.