Paul C. Reuss, J.
The claim herein is based upon the alleged negligence of the State of New York in releasing one Charles Hatz from Utica State Hospital. On August 27, 1959, a date subsequent to such release, the said Hatz assaulted and shot the claimant Theresa Peters. As a result thereof she sustained serious and permanent injuries. Hatz subsequently committed suicide.
Pursuant to an order of this court dated June 20, 1962, entered June 21, 1962, the claimants, on August 28, 1963, conducted an examination of the State of New York by Drs. Freund, Meyers and Defandorf all members of the staff of Utica State Hospital. According to an affidavit sworn to January 23, 1964 by Peter John Enzien, an attorney associated with the attorney for the claimants herein, and submitted in support of the instant motion the examination was taken by an inexperienced stenographer. The transcribed minutes were not received by claimants’ attorney until December 5, 1963 and thereafter a *982 copy of the transcript was forwarded to the Attorney-General for review, correction and signature by the parties examined. Said signed and corrected transcripts were returned to claimants’ attorney by the Attorney-General on January 14, 1964.
The affidavit alleges that the testimony was in many important and essential parts garbled, incoherent and incomplete and that several important questions asked by the deponent did not appear in the transcript minutes. We do not consider such matters pertinent to this motion. The proper method of dealing with errors of the officer or person transcribing a deposition is a motion to suppress the deponent’s deposition or some part thereof pursuant to subdivision (e) of rule 3116 of the Civil Practice Law and Bules. The claimants have not seen fit to proceed under said rule and since they have not done so we will give no further consideration to any errors in the transcript of the examination before trial.
Claimants have moved for an order pursuant to subdivision (f) of section 3102 and section 3123 of the Civil Practice Law and Buies directing the State of New York to admit certain facts put in issue by this claim.
The Attorney-General contends that section 3123 of the Civil Practice Law and Buies is not applicable to a proceeding in the Court of Claims. We will proceed to consider these contentions:
(a) In stating the time for the service of a notice to admit, subdivision (a) of section 3123 of the Civil Practice Law and Buies refers to the service of an answer and the service of a summons. The Attorney-General argues that inasmuch as Court of Claims practice does not require the State to answer (Buies of Ct. of Claims, rule 13) and a proceeding in the Court of Claims is initiated by the service and filing of a claim rather than a summons, the section was thereby not intended to apply to the Court of Claims. We regard this objection of little consequence for reasons hereinbelow stated and construe the statute to provide for the service of a notice to admit 20 days after the filing of the claim.
(b) The State further argues that the use of the words “ any other party” in a statute does not include the State of New York by implication. The State relies on the canon of construction that the sovereign is presumptively not intended to be bound by its own statute unless named therein if the statute impinges on its sovereignty. However, such presumption “is intended only as an aid to consistent constructions of statutes of the enacting sovereign when their purpose is in doubt.” (Carey v. Standard Brands, 12 A D 2d 233-236, affd. 12 N Y *983 2d 855.) A statute does apply to the State if the State is included therein by necessary implication (Di Santo v. State of New York, 41 Misc 2d 601). Moreover, as stated below, we have concluded that article 31 of the Civil Practice Law and Buies is expressly applicable to the State in an action in the Court of Claims.
(c) The State contends that subdivision (f) of section 3102 limits disclosure in the Court of Claims to only those procedures which may be granted on order. This court has already disposed of this contention holding that the scope of disclosure in this court is not limited to those procedures obtainable by order but rather the use of the word “ order ” in this section is only a limitation on the method employed to obtain disclosure (Di Santo v. State of New York, supra).
(d) The Attorney-General further contends that section 3123 of the Civil Practice Law and Buies cannot apply to the State since the admissions would be made by employees without interest in the litigation citing Cox v. State of New York (3 N Y 2d 693, 698). The pertinent section of the Civil Practice Law and Buies contemplates the admissions would be made by the Attorney-General or his representative who is certainly well qualified and competent to answer a notice to admit. Moreover the requirement that disclosure be had only on order in the Court of Claims is an additional protection to the State.
Having considered the various technical objections raised by the Attorney-General we now come to the real question raised by the motion under consideration and that is whether article 31 of the Civil Practice Law and Buies applies in its entirety to an action in the Court of Claims and we have concluded that it does. Article 31 of the Civil Practice Law and Buies is entitled “ Disclosure ”. Section 3102 thereof deals with the method of obtaining disclosure and subdivision (f) thereof specifically provides as follows: “ Action in the court of claims. In an action in the court of claims, disclosure may be obtained only by order of that court.” It is obvious from this language that the Legislature clearly intended that disclosure be available in the Court of Claims. Any other interpretation of this statute would frustrate such intent. The Beviser’s Notes indicate that subdivision (f) has no counterpart in the Civil Practice Act or the Buies of Civil Practice and that the subdivision was inserted by the revisers after the original draft of this section at the suggestion of the Attorney-General’s office that any other rule would unnecessarily burden the State. “By providing that in an action in this court disclosure may be obtained only by order, the Legislature has demonstrated an awareness of the *984 peculiar position of the State. Upon the application of the claimant for such an order, the State is assured that the court will continue to exercise its sound discretion in consideration of the proposed items of disclosure.” (Di Santo v. State of New York, 41 Misc 2d 601, 605, supra.)
We have also concluded that use of disclosure devices will result in earlier and quicker trials in this court not only by permitting both parties to ascertain all material and necessary evidence in advance of trial but also by avoiding the necessity for formal proof of matters not really in dispute, thereby reducing the time actually consumed by trial of the issues.
Having concluded that article 31 of the Civil Practice Law and Buies and all the sections thereof are applicable to the State we now proceed to consider questions proposed by the requests for admissions.
The principal object of the subject motion is the admission of certain facts concerning the diagnosis of Hatz’ condition by hospital physicians and psychiatrists as well as their opinions as to his prognosis. Such diagnosis and prognosis is based on the professional knowledge of the doctors and hence is of a confidential nature and should not be disclosed in the absence of a waiver. (Montgomery County Trust Co. v. State of New York, 283 App. Div. 1008, 1009; Boykin v. State of New York, 13 Misc 2d 1037, affd. 7 A D 2d 819.) The State need not answer the request for admissions regarding the prognosis and diagnosis of Hatz’ condition obtained by its physicians via their professional knowledge. However, we find there is a basis for a reasonable belief that certain of the items sought by the claimants are beyond dispute. Therefore we direct that the State of New York shall answer the notice to admit the following items as requested by the claimants:
No. 1, No. 2 and No. 4, as requested, No. 7 to the extent that such knowledge of explosive temperament and uncontrollable behavior was obtained through observation and not professional knowledge, No. 8, No. 15 as to whether or not psychiatric tests were made before Charles Hatz’ release, No. 16 as to whether Charles Hatz indulged in assaultive behavior on or about March 19, 1957, No. 17, No. 18, as requested, No. 20 as to whether Hatz was released without a staff conference or consultation, No. 21, No. 22, No. 26, as requested, No. 27 as to whether Hatz was released on October 7, 1958 without a full review of his record.
All other items are denied and the State need not answer them.