■ DEDERICK L. SNYDER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 36709.) — Appeal by the State from a judgment of the Court of Claims and cross appeal by claimant on the ground of inadequacy. The claimant was the holder of two operator's licenses, one issued in New York State which expired on September 30, 1959, and the other issued in Massachusetts which was valid until May 4, 1960. On May 2, 1959, about 11:30 P.M., while the claimant was driving his mother's automobile with Massachusetts license plates in the Town of Colonie, Albany County, he was stopped by two members of the State Police. They requested him to produce the car registration and his operator's license. Both of these indicated that they had been issued in the State of Massachusetts and that the claimant and his mother were residents of said State. However, at that time the claimant stated that he was employed in Troy and gave an address in that city where he had lived for over the past six months. He was arrested for not having a New York State operator's license. The claimant had lived in Massachusetts with his mother for a period of time after the family moved there and then had returned to Troy to work. Snyder was then taken to a Justice of the Peace, charged with the operation of a motor vehicle without a license and informed of his rights. He pleaded not guilty and for the first time produced a valid unexpired New York State driver's license. This had one speeding conviction noted on it. The Justice thereupon dismissed the charge and released the claimant. Thereupon the trooper laid an information charging the claimant with violation of subdivision 7 of section 20 of the Vehicle and Traffic Law (now § 501, subd. 7) providing that "No person shall hold at the same time more than one unexpired license issued by the commissioner pursuant to this section"; although the trooper, of course, knew that Snyder had but one New York license, i.e., "issued by the commissioner pursuant to [said] section." The claimant was again placed under arrest and when he failed to produce bail he was sent to jail where he remained until the next day when bail was posted. The case was dismissed upon motion of claimant's counsel three days later when it came on for trial and the claimant was discharged. Upon the trial of the action for false arrest the claimant was awarded $1,000 for compensatory damages for the humiliation he suffered and $3,000 exemplary damages for the State's knowing disregard of his rights. We believe that the trial court's decision and judgment awarding claimant $1,000 for compensatory damages is supported by the proof. The State Trooper who was the complainant in the second information knew that the two operator's licenses held by Snyder had been issued by different States. There was no legal justification for the second arrest and the claimant having been held and confined against his will is entitled to recover against the State. A different conclusion must be reached as to the award of $3,000 for exemplary damages. While the Attorney-General argues that under no circumstances can the State ever be held liable for punitive damages, we do not reach that question, as the proof here does not, in any event, warrant an award of punitive damages against the State. (*Craven* v. *Bloomingdale*, 171 N. Y. 439; *Cope* v. *Wanamaker*, 249 App. Div. 747, affd. 274 N. Y. 622; but cf. *Nephew* v. *State of New York*, 178 Misc. 824, 826 [DYE, J.].) Judgment modified, on the law and the facts, by deleting therefrom the $3,000 award for exemplary damages

and the interest thereon, and, as so modified, affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur. [38 Misc 2d 488.]