Caroline K. Simon, J.
On August 30, 1961, claimant duly filed a notice of intention to file a claim predicated upon personal injuries suffered by him on June 3, 1961, while a patron of defendant’s Bear Mountain Roller Skating Rink, alleging negligence and breach of warranty in regard to defendant’s issuance, adjustment and maintenance of skates rented to him by defendant on that day. A claim based thereon was thereafter duly filed on April 7,1962.
*324 On August 12, 1964, defendant served a notice on claimant’s counsel to produce claimant for examination before trial on August 21,1964. By letter dated August 12,1964, also addressed to claimant’s counsel, claimant was requested to submit to a physical examination and to execute an authorization to review the hospital records of the institutions at which he was treated for the injuries giving rise to the within claim. Numerous adjournments, necessitated by the illness of the children of claimant’s counsel and because of the actual engagement on trial of claimant’s counsel, were had. To date no examination before trial or physical examination of the claimant has been held nor has claimant executed the hospital authorization requested by defendant.
By order to show cause dated January 28, 1965 defendant moved pursuant to CPLB, 3126 to strike claimant’s pleadings herein and to dismiss the claim, or, in the alternative, to obtain an order directing claimant to appear for examination before trial and for physical examination on a date to be fixed by the court, asserting that the claim had been assigned for trial and that defendant would be prejudiced unless these examinations are had. By notice of cross motion dated January 29, 1965, claimant cross-moved to obtain the production of a written statement obtained by the rink management from claimant immediately subsequent to the accident, the production of claimant’s first-aid records and the roller skates rented by claimant, and an examination before trial of the rink attendant who issued and adjusted claimant’s skates. Claimant further sought the production of the aforesaid items on the same day as that fixed by the court for the examination of claimant heretofore noted, but prior to claimant’s examination.
On the argument of the within motion and cross motion, defendant did not stress that portion of its show cause order which sought relief by way of striking claimant’s pleadings and the dismissal of the claim, but urged that claimant be directed to appear for examination on a day certain. Defendant also indicated its willingness to make available for examination those persons and items listed in claimant’s cross motion on the day to be fixed by the court for claimant’s examination, but objected to the production of claimant’s statement prior to claimant’s examination on the ground that it would provide claimant with the opportunity to conform his testimony to that given immediately after the accident. Claimant did not oppose the alternative relief sought, but argued that claimant should be permitted to examine his own statement prior to being examined by the defendant in the interest of justice.
*325 Defendant conceded that the broad disclosure provisions of article 31 of the CPLR are available to claimants in this court (Di Santo v. State of New York, 22 A D 2d 289, affg. 41 Misc 2d 601), and that, by virtue of CPLR 3101 (subd. [e]) thereof, claimant may generally obtain a copy of his own statement without the need of showing special circumstances such as fraud or overreaching.
The court recognizes the recent judicial trend sanctioning the statutory purpose of eliminating the requirement that a party show special circumstances in order to obtain his own statement. (Briggs v. Spencerport Road Plaza, 19 A D 2d 943; Sacks v. Greyhound Corp., 18 A D 2d 747.)
The court finds untenable defendant’s assertion that if claimant is provided with his own statement prior to his examination he will alter his own testimony to fit the factual recitals contained in his statement. This very argument was rejected by the Appellate Division, Third Department, in Sacks v. Greyhound Corp. {supra, p. 748), where a unanimous Bench reasoned that a party could not conceal major discrepancies in such fashion and that avoidance of minor discrepancies “must be balanced against the effect of allowing liberal discovery on the speedy and efficient disposition of cases.” Although the subject for review was an order granting plaintiff’s motion to produce plaintiff’s own statement pursuant to section 324 of the Civil Practice Act, a practice provision not available in this court, the court recognizes the applicability of the rationale of that decision which the court perceives to be an expression of belief that dispensation of justice may best be achieved by means of implementing full and fair disclosure of all evidentiary facts and that such a just policy must not be frustrated by parties who place too high a value upon concealment and entrapment as litigation devices.
Defendant’s motion to strike claimant’s pleadings and to dismiss the within claim is denied. Defendant’s motion is otherwise granted as provided hereafter. Claimant’s cross motion is granted in all respects.
The court directs that claimant be produced for examination before trial as an adverse party under oath, before a person authorized by CPLR 3113 (subd. [a]) on February 26, 1965, at the office of the Attorney-G-eneral, Boom 1001, 270 Broadway, City and State of New York at 10:00 a.m. in the morning and that he submit to a physical examination by a duly licensed physician designated by the defendant and that he authorize defendant to obtain and make copies of claimant’s hospital records in connection with this claim. The court further directs *326 defendant to produce those relevant papers and items designated in claimant’s notice of cross motion dated January 29, 1965, for inspection by claimant prior to the examination of claimant by defendant as herein recited and directs that defendant designate and produce its employee having knowledge of the facts herein as set forth in the aforesaid notice of cross motion for examination before trial as an adverse party under oath, said examination to follow claimant’s examination on February 26, 1965 and to be held at the office of the Attorney-G-cneral, Room 1001, 270 Broadway, City and St'ate of New York, under the same terms and conditions governing claimant’s examination.
The court further directs that all proceedings in connection with the trial of the claim be stayed pending the completion of the examinations and the production of relevant documents and items in connection therewith, said stay to remain in effect until the receipt, execution and exchange of the transcripts thereof by the respective parties.
Movant and cross movant are directed to submit an appropriate order incorporating the provisions heretofore set forth by the court as applicable to the relief sought by each of them, said orders to be submitted on three days’ notice of settlement.