Alexander Del Giorno, J.
The claim herein is based upon a breach of contract. The claimant has moved for an order directing the State of New York to answer certain interrogatories in accordance with CPLR 3130-3134. The State objects to the claimant’s motion on the grounds that it is not a “ party ” bound to answer interrogatories under CPLR 3134 when it is a defendant in the Court of Claims. The State contends that CPLR 3134 (subd. [a]) limits those who must answer interrogatories to individuals, corporations, partnerships, and sole proprietorships, none of which includes the State. In its brief, the State further points out that the interrogatories provision of the CPLR was enacted by chapter 422 of the Laws of 1963, after a date subsequent to the adoption of the CPLR by the Legislature.
We find the contentions of the State to be without merit. Interrogatories are included in disclosure devices (CPLR 3102, subd. [a]). Subdivision (f) of the same section makes disclosure available in the Court of Claims by order of such court.
The argumentation advanced herein by the State was specifically overruled in Di Santo v. State of New York (22 A D 2d 289) where the Appellate Division, in affirming this court *736 (opinion below 41 Misc 2d 601), stated that the only limitation on disclosure in the Court of Claims was that it must be obtained by order of the court, and that the CPLR is not intended to limit, but to liberalize, the practice in this court. (See, also, Peters v. State, 41 Misc 2d 980, affd. 22 A D 2d 764.)
The State has objected to the requirement that it furnish copies of certain documents. The order to be entered herein shall provide that the State either furnish true and correct copies of the documents or records mentioned in paragraphs Nos. 5, 8,11, 20, 21, 22, 23, 24, 25, 26 and 27, or afford the claimant reasonable opportunity to examine and copy such documents (CPLR 3131).
The State also objects to interrogatories Nos. 9 and 28 in that they require an answer as to whether the State will contend certain matters. We find that such objection is not well taken. The answers to these questions might be expected “ to help the plaintiff know what proofs were required: it might save him much labor and expense in producing proofs for which there would be no actual need. In other words, the interrogatory, if answered, might refine the actual issue of fact.” (Taylor v. Sound Steamship Lines, 100 F. Supp. 388, 389; see, also, McElroy v. United Air Lines, 21 F. R. D. 100.) Motion granted.