Alexander Del Giorno, J.
This is a motion made pursuant to CPLR 3102 (subd. [f]) and 3123 (art. 31), for an order *246 directing the State of New York to furnish to claimant a written admission of the following facts, which the claimant considers relevant:
1. That the 1963 Plymouth four-door sedan bearing registration number 3355 New York, operated by Stanley D. Grom, residing at 40 Arlington Street, Mineóla, New York, 11501, on July 1,1965, at or about the hour of 10:00 a.m., on Jericho Turnpike near the intersection of Armstrong Road, Garden City Park, Long Island, New York, and involved in the accident set forth in the claim herein, was owned by the State of New York.
2. That at the aforesaid time and place, the afore-mentioned Stanley D. Grom was an employee of the State of New York Conservation Department, Bureau of Law Enforcement, operating the said automobile in and during the course of his employment.
The State opposes the granting of the requested order on the ground that the registration of said automobile is a matter of public record and that whether or not Stanley D. Grom was an employee of the State at the time he was allegedly driving said automobile is a conclusion which the trial court must determine at the trial based upon all of the evidence.
The position taken by the State is anachronistic and untenable. The State is requested to read article 31, and even more so the historical notes which detail the judicial and legislative evolution which resulted in the present article 31.
It is time that the State accepted the responsibility it assumed by its own enactment of section 8 of the Court of Claims Act, wherein it ‘ ‘ waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations ”. (Italics supplied.)
CPLR comprises the present law and rules which apply in the Supreme Court against individuals and corporations. That fact was accepted by the Attorney-General when its office co-operated, among other things, in the drafting of CPLR 3102. As a matter of fact, the drafters’ notes (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3123.07, p. 31-218), set forth that the Attorney-General’s office not only agreed to the provisions of CPLR 3102 but offered as its contribution the wording of subdivision (f) which provides that in an action in the Court of Claims disclosure may be obtained only by an order of the court.
*247 The same notes also add the following observation: “ The provision [f of Section 3102] should be eliminated; if it is not, disclosure should be freely granted by the Court of Claims.”
Weinstein-Korn-Miller (vol. 3, par. 3102.28) sets forth: “ The trend has been clearly towards a more liberal approach. Any restrictive decisions are overruled by Article 31, which applies in the Court of Claims ” and further, “ The plan of the CPLR was to have all procedures applicable to the state unless there was a specific provision to the contrary.” (Italics supplied.) The court finds no provisions to the contrary.
In matters involving the State, relief such as here requested should be granted with even greater liberality than in the Supreme Court, inasmuch as the State is not required to disclose its position, such as another defendant would be subjected to, because such defendant, unlike the State, must file a written answer and, further, because all allegations in a claim are, by our court rules, deemed denied. (Rules of Court of Claims, rule 13.)
The fact that a matter sought to be admitted or discovered may be a public record, or may be otherwise available to the claimant is not the issue here. What the article is intended to accomplish, and the claimant requests herein, is the admission by the only party who could otherwise deny or rebut that fact in court, that it admits the truth of the item or items which are basic or relevant to the claimant’s proof of his case at the trial.
The arguments which are constantly being advanced by the State, that the articles on disclosure do not apply to the State, not only have been before this court but also before the Appellate Divsion and have been overruled by the Appellate Division. In Di Santo v. State of New York (22 A D 2d 289) the Appellate Division, in affirming this court (41 Misc 2d 601), specifically set forth that the only limitation on disclosure in the Court of Claims (as against the right to disclosure in other courts) was that it must be obtained by the order of the court and that the CPLR is not intended to limit, but to liberalize, the practice in the Court of Claims. (See, also, Peters v. State of New York, 41 Misc 2d 980, affd. 22 A D 2d 764; see, also, Collins Constr. Co. v. State of New York, 49 Misc 2d 735.)
What is sought to be admitted herein is basic and relevant to the presentation of the claim at the trial and the State is hereby ordered to furnish the information sought in the motion. Motion is granted in all respects.