Bernard S. Meyer, J.
This motion for reargument is denied (see 51 Misc 2d 248). With respect to the homicide investigation report, the order directs that it be produced together with an official having knowledge of the departmental procedures involved so that plaintiff can by examining the official ascertain whether to seek inspection or discovery. The county erroneously assumes that disclosure has been ordered; what has in fact been ordered is the preliminary procedure suggested in Rios v. Donovan (21 A D 2d 409). The suggestion that plaintiff cannot proceed by motion and must seek relief in an article 78 proceeding overlooks CPLR 103 (subd. [c]) (see Matter of Mandis v. Gorski, 24 A D 2d 181).
With respect to the ruling that plaintiff is entitled to examine as to the training of the police officers in pursuit driving, the order is predicated on the relevance of that data to an award of punitive damages. It is true that plaintiff did not mention punitive damages in her pleadings but the court was at pains to point out that the claim for punitive damages need not be separately pleaded. The county argues further that punitive damages cannot be awarded against the State and that the county must be treated in this respect as a subdivision of the State. It is, however, far from clear that punitive damages cannot be awarded against the State. Though the flat statement was made in the Court of Claims opinion in McCandless v. State of New York (6 Misc 2d 391) that such an award cannot be made against the State, no authority for the statement was *501 cited and the point was not considered on appeal (3 A D 2d 600 modfg. in part, affd. 4 N Y 2d 797) since plaintiff apparently did not appeal. The point was also considered in Nephew v. State of New York (178 Misc. 824, 826) where it was stated that section 8 of the Court of Claims Act constitutes a waiver of sovereign immunity only to the extent of compensatory damage, but the authority of that holding is materially weakened by the fact that the court had already concluded that the facts of the case did not justify punitive damages. The authority of both McCandless and Nephew is put in doubt by the decision in Snyder v. State of New York (20 A D 2d 827) wherein the Appellate Division, Third Department, withheld decision of the question.
Whether the county be likened to the State or to a municipal corporation, the question whether punitive damages can be awarded against it will not finally be determined on the law until the Court of Appeals has spoken on the issue. If examination concerning training of the officers in pursuit driving is permitted, the issue may well disappear from the case because facts to support it cannot be developed (see Baynes v. City of New York, 23 A D 2d 756; Costich v. City of Rochester, 68 App. Div. 623). Moreover, if it does not disappear, the. appellate courts will be able to dispose of both the factual and the legal sides of the question without sending the matter back for retrial. If, on the other hand, examination is denied on the law and that determination is ultimately held erroneous, the matter will have to be tried again for plaintiff will have been prevented from adducing evidence on the punitive damage issue at the first trial. The court concluded, therefore, that in the interest of the more efficient administration of justice, plaintiff should be permitted to examine. Neither on the original papers nor on this motion for reargument has the county suggested that such examination would cause any undue hardship; rather, it has contended itself with arguing the question solely as one of law. The ruling and order are, therefore, adhered to.