Henry W. Lengyel, J.
This is a claim filed pursuant to section 29 of the Workmen’s Compensation Law to recover payments which the claimant became obligated to pay to the Vocational Rehabilitation Fund and to the Fund for Reopened Cases, *409 pursuant to subdivision 9 of section 15 and subdivision 3 of section 25 of the Workmen’s Compensation Law. Claimant was the workmen’s compensation carrier for Frank Tartaglia, Inc.
One, Michael Mahan, an employee of the claimant’s assured, died as a result of injuries sustained in an automobile accident occurring on August 23,1961. His administratrix instituted an action for wrongful death in the Supreme Court which was terminated prior to any judgment. She also filed a claim against the State of New York for wrongful death which resulted in a judgment in favor of the estate of the decedent on July 17, 1964 in the Court of Claims. Thereafter, as a result of a hearing held on December 22,1964, the Workmen’s Compensation Board ordered the claimant herein, as compensation carrier, to pay $500 to the Vocational Rehabilitation Fund and $1,500 to the Fund for Reopened Cases, because there were “no persons entitled to compensation.” (The Court of Claims recovery was in excess of the amount which the dependent widow would have been entitled to receive as compensation under the provisions of the Workmen’s Compensation Law.) The claimant filed a C-9 with the board and did not controvert the original Workmen’s Compensation claim. No appeal was taken from the Referee’s order directing the payments pursuant to the statute as described.
When an insurance carrier becomes obligated to make payment into said funds, subdivision 5 of section 29 of the Workmen’s Compensation Law gives such carrier a cause of action, for the amounts paid, against the third party whose negligence caused the death of the employee.
The State contends that we cannot require it to indemnify the claimant for payments made pursuant to section 29 of the Workmen’s Compensation Law. It takes the position that such payments are in the nature of a penalty to which it may not be subjected. (See Nephew v. State of New York, 178 Misc. 824; McCandless v. State of New York, 6 Misc 2d 391, mod. in part 3 A D 2d 600, affd. 4 N Y 2d 797.) However, we do not consider that this question has been as irrevocably and sharply determined as does the State’s counsel. As stated in Eifert v. Bush (51 Misc 2d 500, 501) “ The authority of both McCandless and Nephew is put in doubt by the decision in Snyder v. State of New York (20 AD 2d 827) ”. The Appellate Division stated, in the Snyder decision, that: ‘1 While the Attorney-G-eneral argues that under no circumstances can the State ever be held liable for punitive damages, we do not reach that question, as the proof here does not, in any event, warrant an award of punitive damages against the State.”
*410 It is our opinion that, in a particular situation, the State can be held to liability under statutory provisions even though same are in the nature of penalties and despite the fact that the State is not specifically named in said statute.
Granted the courts have characterized the payment required by said section 29 as a penalty. (See Phoenix Ind. Co. v. Staten Is. R. T. Ry. Co., 251 N. Y. 127, affd. 281 U. S. 98; Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305.) However, as stated in Sicolo v. Prudential Sav. Bank (5 N Y 2d 254, 258), “ It is the intrinsic nature of the exaction that counts
We find that, even though the payments required by said subdivision 9 of section 15 and subdivision 3 of section 25-a, for which the cause of action, is created, by said subdivision 5 of section 29, may be in addition to the payments required by the trial court in the third-party action, said payments are not “ arbitrary exactions, unrelated to actual loss Said cause of action has been created as part of the social program embodied in the Workmen’s Compensation Law and, in our opinion, the thrust of the statutory requirement is compensatory in nature and not exculpatory. The claim against a third party removes the burden from the one who has not committed a wrong and places it upon the party whose wrongful act has caused the payment into said funds to be required. As stated in New York Jurisprudence (vol. 44, p. 166): “ Since the term is of equivocal meaning and import, 1 penalty ’ may also be used to refer to statutory exactions which are of a purely remedial nature, free of the punitive criminal element, and designed primarily as a safeguard for the protection of private rights ”.
We consider that said statute protects the private rights established by the workmen’s compensation program; and, although the State is not included by name in the statute, it must by implication be considered subject to the terms of said statute, (See Carey v. Standard Brands, 12 A D 2d 233, affd. 12 N Y 2d 855; Peters v. State of New York, 41 Misc 2d 980, affd. 22 A D 2d 764; Di Santo v. State of New York, 41 Misc 2d 601, affd. 22 A D 2d 289. Cf. Gould v. State of New York, 196 Misc. 488; Pennbild Realty Co. v. People, 208 Misc. 825.)
Claimant contends that the State cannot in this action relitigate the question of its negligence; and, further, that the State is collaterally estopped by the decision of the Workmen’s Compensation Referee, from litigating the question of whether or not Mr. Mahan’s death arose out of or in the course of his employment.
Clearly, the decision of the Court of Claims that the State was negligent and that said negligence was the proximate cause *411 of Mr. Mahan’s injuries and death, estops the State from relitigating this identical issue. (See B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141; Israel v. Wood Dolson Co., 1 N Y 2d 116; Hires v. New York Cent. R. R. Co., 24 A D 2d 1075.)
However, we do not believe that the decision of the Workmen’s Compensation Referee is res judicata on the question of employment ; or, that the State is in any way collaterally estopped from litigating said issue in this trial. It would appear that this question has been so decided by Liberty Mut. Ins. Co. v. Colon & Co. (supra), p. 308 where it was stated that:
“ If by denial or defense interposed in the proceedings under the Workmen’s Compensation Law the carrier could have defeated the claim of payment to the State Treasurer; — if the award was invalid — then the carrier is not entitled to indemnification and has no cause of action against a third party. * * *
“ No adjudication can be made that a third party is liable upon a cause of action for indemnification without opportunity afforded to the third party to contest the cause of action asserted against it in regard to every element that enters into that cause of action.” (See, also, Indemnity Ins. Co. v. Buckley, 270 App. Div. 603; Matter of Department of Taxation and Finance v. City of New York, 272 App. Div. 407.)
Claimant seeks to avoid the effect of the Colon case by an ingenious argument. Claimant points out that, if there had been an appeal from the decision of the Referee that Mr. Mahan’s death arose out of or in the course of employment, the Attorney-General of the State would have had the burden of representing the Workmen’s Compensation Board and seeking to legally substantiate such ruling. (See Workmen’s Compensation Law, § 23.) Ergo, claimant contends that the State, through the Attorney-General, cannot now contest a ruling that the State, through the Attorney-General, would have had to endeavor to support in a different circumstance. If such were the facts in subject claim we might rule with claimant on this point. However, in the Mahan compensation claim the matter never proceeded beyond the Referee’s decision. The claimant in this proceeding had the burden, if it found the facts so warranted, to litigate the issue of course of decedent’s employment in the compensation hearing. In this instance, the claimant chose not to litigate that issue and the Referee’s decision was, in effect, granted upon a default by the claimant carrier. The Attorney-General’s office does not become involved in the ordinary case between private parties until the board has made an award or decision and there is an appeal therefrom. Therefore, said *412 office did not represent a party to the Mahan compensation proceeding, and, of course, the State was not a party to said proceeding. We find that the claimant’s contention, while faeilely intriguing, is without substance or merit in subject claim.
We conclude that the defendant in this proceeding has available to it any defense that existed in the original compensation claim to which it was not a party, including the right to litigate whether the injuries and death arose out of or in the course of employment. (Travelers Ins. Co. v. Post & McCord, 128 Misc. 626, 630.)
We proceed now to the issue tried before this court as to whether the accident resulting in the injuries and subsequent death of the decedent, Michael Mahan, arose out of or in the course of the decedent’s employment.
At the time of the accident, resulting in the death of the claimant’s assured’s employee, said employee was returning to Syracuse, having completed his day’s work for his employer, Frank Tartaglia, Inc. He was a passenger in a 1960 International Carry-all owned by the Frank Tartaglia Commissary Company. These corporations have similar stockholders but are unrelated in their operations. The decedent was employed in a supervisory capacity for a flat salary of $1,200 for the job. On August 23,1961, his work was confined to a project at Romulus, New York. The hours of work for the decedent, and other employees engaged at this project, were from 7:30 a.m. until 4:00 p.m. Motel accommodations had been arranged for the employees near the job site but the decedent and others often preferred to commute daily from their respective homes to their work. Their employer allowed and permitted the employees to ride in a truck owned by the Tartaglia Commissary Company, if they so desired. The use of the vehicle furnished by the company was optional with these employees. They were not required to use this vehicle. Upon the completion of their work at 4:00 p.m., each day, the employees were dismissed from their employment at the job site and were free to go as they pleased. On occasions the decedent and other employees would, in fact, use their own vehicles to commute to their job site. All of the employees received the same wage, whether or not they used their own vehicles or the vehicle furnished by the company. None of the employees, including the decedent, was paid for the time spent traveling to and from the job site. Furthermore, no charge was made to any employee, including the decedent, for the use of the vehicle furnished by the employer.
These facts require the court to conclude that the transportation herein was not a part or an incident of the decedent’s
*413 employment so that he was not in the course of his employment when he was killed nor did his death arise out of his employment. (Matter of Schultz v. Beaver Prods. Co., 223 App. Div. 582, affd. 250 N. Y. 565; Matter of Guido v. Terra-Rube Constr. Corp., 7 AD 2d 554, affd. 10 N Y 2d 858.) ,
Claimant relies upon Matter of Cornelius v. Brock (27 A D 2d 604, 605) where the travel involved was “ some 120 miles from the usual and established locus of the employment ” for a period of two weeks. Furthermore, the employer paid for a 40-hour week 1 ‘ with travel one way ’ ’ resulting in work consuming 38 hours and wages for one half of their four hours’ travel time. These facts distinguish this authority from those upon which this court relies.
The motion of the State to dismiss the claim at the conclusion of the testimony, upon which the court reserved decision, is hereby granted.