■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. YOUNG B. JONES, Appellant.— Motion to resettle order of this court entered October 31, 1968 (30 A D 2d 1038) granted and words "and facts" deleted therefrom. Present — Bastow, P. J., Marsh, Witmer and Henry, JJ.

■

### (January 16, 1969)

■ CITY OF NIAGARA FALLS, Respondent-Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant-Respondent, et al., Defendants.— Order unanimously affirmed without costs. Memorandum: This being a condemnation proceeding as distinguished from an appropriation case, the power of the court to review the award of the Commissioners is strictly limited. (Matter of Huie; 2 N Y 2d 168.) We find no irregularities in the proceeding, the award is not based on an erroneous principle of law and it does not shock the sense of justice or conscience of the court. (Appeals from order of Niagara County Court, confirming report of Commissioners of Appraisal.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ MICHIGAN MUTUAL LIABILITY COMPANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44851.) — Judgment unanimously reversed on the law and facts, with costs, and judgment granted to claimant. Memorandum: Claimant (workmen's compensation carrier for Frank Tartaglia, Inc.) appeals from a judgment of the Court of Claims (53 Misc 2d 408) which dismissed its claim to recover $2,000 paid by it to the Workmen's Compensation Board under subdivision 9 of section 15 and section 25-a of the Workmen's Compensation Law. Subdivision 5 of section 29 of the Workmen's Compensation Law gives an insurance carrier a cause of action against a third-party wrongdoer to recover the amounts so paid in cases where the workman's death resulted from injuries sustained within the scope of his employment (Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305). Tartaglia's employee Mahan was fatally injured in a collision on a State highway while he was riding in a station wagon supplied by his employer to transport its workmen from a job at Romulus, N. Y. to their home City of Syracuse. His widow claimed workmen's compensation and as his administratrix successfully prosecuted a claim against the State for his wrongful death caused by the State's negligence in the maintenance of the State highway. The trial court in dismissing appellant's claim, erroneously decided that Mahan's death did not occur in the course of his employment. Mahan was returning from his place of employment at his employer's expense. Under these circumstances the accident arose out of an incident of his employment. It is not important that the workmen were under no compulsion to use the afforded transportation (Fay v. De Camp, 257 N. Y. 407, 411) or that they were not paid for the time when they were being transported (Matter of Littler v. Fuller, 223 N. Y. 369). The important point is that the employees were returning from their place of work at their employer's expense (Solomon v. Russo, 20 N Y 2d 688). (Appeal from judgment of Court of Claims, dismissing claim.) Present — Bastow, P. J., Goldman, Del Vecchio, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS N. COLE, Appellant.— Judgment unanimously affirmed. (Cf. People v. Keller, 23 N Y 2d 657.) (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, first degree.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.