## Smith v. Southeastern Pennsylvania Transportation Authority

*John C. Capek,* for plaintiff.
*Stuart A. Schwartz,* for defendants.

GUARINO, *J.,* December 2, 1977 — This is an action of trespass against Southeastern Pennsylvania Transportation Authority (SEPTA) in which plaintiff suffered personal injuries.

The matter is now before the court on plaintiff's petition to permit inspection or copying of a statement she gave to defendant's driver at the time of the accident.

Pennsylvania Rule of Civil Procedure 4009 provides:

"Subject to the limitations provided by Rule 4007(a)[1] and 4011[2], the court, on the motion of a party may

---

1. Rule 4007(a):

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

2. Rule 4011:

"(1) order a party to produce and permit the inspection, including the copying and photographing . . . of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control . . ."

This is very broad language; it would clearly appear that a statement of plaintiff given to defendant is a "document, paper" and is discoverable, unless it is proscribed by Rules 4007(a) and 4011.

Defendant contends that the statement taken by its employe driver, soon after the accident, is not discoverable because it was procured in anticipation of litigation and in preparation of the trial, citing section (d) of Rule 4011. I disagree.

In Green v. SEPTA, 1 PICO 22, 75 D.&C. 2d 206 (1976), this court held that where SEPTA required its employes to make written reports of all occurrences involving its interest, accident reports which are automatically and routinely made by

---

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party of his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;

"(e) would require the making of an unreasonable investigation by the deponent or any party or witness; or

"(f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection."

their drivers (non-investigative employes) are not exempt from discovery under Pa. R.C.P. 4011.[3] A statement taken routinely by a SEPTA employe at the scene of the accident, shortly after the accident, is an integral part of the incident report which in Green we held was not a report made in anticipation of litigation or in preparation for trial. In any event, the burden of proving that the information is in the protected category is on SEPTA, the party that opposes the discovery. That burden is not met by a mere recitation of the pertinent clause of that rule. Id p. 207. See also Holowis v. Philadelphia Electric Co., 38 D.& C. 2d 260 (1966); Brunson v. SEPTA, 68 D.&C. 2d 422 (1975). Here, aside from the allegation that the statement was procured in anticipation of litigation, defendant makes no attempt to prove it.

Defendant's contention that Philadelphia Rule 144 impels a different result has no merit. Philadelphia Rule 144 does not and cannot contravene the intendment of Pa. R.C.P. 4011. It provides only that:

"A party who has given a signed or mechanically recorded statement to another party shall not be required to submit to deposition for discovery . . . with respect to the subject matter of such statement unless he has been furnished with a copy of such statement not less that forty-eight hours prior to deposition."

This does not mean that the party who gave the statement in the first place is precluded from ob-

---

3. See Brunson v. SEPTA, 68 D.&C. 2d 422 (1975); see contra Gates v. Nationwide Mutual Insurance Co., 32 D.&C. 2d 297 (1963); Fahey v. PTC, 15 D.&C. 2d 555 (1958).

taining a copy of it from the party to whom he gave it. Therefore, it is of no moment that the party possessing the statement does not intend to depose the party that made it. The language of the local rule clearly articulates its intendment; the party in possession of the statement of another is prevented from deposing him on that statement unless he first provides him with the statement he made. This local rule applies to all statements, whether or not they were obtained in anticipation of litigation or in preparation for trial. The local rule does not address the pertinent question here involved: the discoverability of a statement of a party. The resolution of this problem depends on the circumstances in which the statement was given and the applicable strictures of Pa. R.C.P. 4011.

Moreover, regardless of whether the statement of a party is obtained in anticipation of litigation or in preparation for trial, it is only fair and proper that the party taking the statement from another give to the other a copy of it. Statements of a party stand on entirely different footing than statements made by ordinary witnesses. They are significantly more consequential. They are probative and relevant, and admissible as "an admission of a party" at the trial of the case. Having made a statement, the party is estopped from complaining that he did not have an opportunity to cross-examine himself or that he is only trustworthy under oath. See 4 Wigmore (3rd ed.) §1048; McCormick on Evidence (2d ed.) §§262, 628. As a matter of right and fairness, the party who has gratuitously given to another a statement with which he is likely to be charged at trial should be able to obtain an exact copy of what is after all indisputably his. It is no

answer that he is presumed to know what is in the statement and that he can therefore reproduce it for counsel. Where every word may have significance, he is hardly expected to reproduce its every word, if indeed the statement contains a verbatim account. It is not likely that a statement taken hurriedly, shortly after the accident, under perilous circumstances may contain abbreviations, summaries, scrivner's conclusions, slants and impressions of the recorder and solicitor. The maker may or may not read it; he may or may not have signed it; he may or may not have had an opportunity to make corrections or dispel impressions. If a party is to be bound by the statement, it is only proper that he not only be made to read it and make corrections but that he be given a copy of it. Following the lead of the Federal practice,[4] a growing number of states, by statutes[5] or case law[6] now treat statements of a party differently from other statements and permit discovery without any limitations whatsover.

To put Pennsylvania practice abreast of this salutary trend, we would recommend the adoption

4. Federal Rule 26(b)3.

5. F.S.A. (Fla.) § 92.33; Ga. Code Ann. § 38-2109(b); LSA-R.S. (La.) 13.: 3732; M.G.L.A. (Mass.) c.271, § 44; M.S.A. (Minn.) § 602.01; Mo. R.C.P. 56.01(a); N.Y.C.P.L.R. §3101(e); N. Dak, R.C.P. 34(b); Wyo. R.C.P. 34(b); cf. Mich. G.C.R. 306.2.

6. Dowell v. Superior Court, 47 Cal. 2d 483, 304 P. 2d 1009 (1956), approved 1957; 4 U.C.L.A. L. Rev. 641; Stimpert v. Abdnour, 24 Ill. 2d 26, 179 N.E. 2d 602 (1962); Wilhelm v. Abel, 147 N. Y. Supp. 2d 475, 1 App. Div. 2d 55 (1955); Sacks v. Greyhound Corp., 235 N. Y. Supp. 2d 669, 18 A. D. 2d 747 (1962); Bengiat v. State, 256 N. Y. Supp. 2d 876, 45 Misc. 2d 323 (1965).

of Federal Rule 26(b) permitting discovery by a party of his own statement without restrictions.[7]

In any event, in the instant case, where the statement of the party is part of an incident report which the driver of the SEPTA vehicle is required as a matter of routine to make to his employer, the incident report and the statement of the party which is part of it, taken routinely and shortly after the accident, is not the work product of counsel procured in anticipation of litigation and proper subject for discovery.

Accordingly, it is ordered and decreed that petitioner herein be given a copy of the statement which he gave to SEPTA's driver soon after the incident which is the subject matter of this action.

---

7. The Civil Procedural Rules Committee is presently considering the revision of the Rules of Civil Procedure governing Depositions and Discovery. Recommendation No. 44, published in the Legal Intelligencer of August 9 and 11, 1977, and in Advance Sheet No. 3 of 376 A.2d (9/17/77), contains the proposed rescission of present Rule 4011(d) and promulgation of new Rule 4003.4; to wit: Rule 4003.4. Scope of Discovery. Trial Preparation Material.

Statements

Upon request, a party may obtain a photostatic copy or like reproduction of a statement concerning the action or its subject matter previously made by that party or a witness. Upon request, a person not a party may obtain a photostatic copy or like reproduction of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the party or person may move for a court order. For purposes of this rule, a statement previously made is: (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.